## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JASON F. MCGEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| | ) | **1:09-CV-1338** |
| **v.** | ) | |
| | ) | |
| **THE HONORABLE CARLTON** | ) | |
| **L. KELL, in his individual** | ) | |
| **capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### DEFENDANT THE HONORABLE CARLTON L. KELL'S BRIEF IN SUPPORT OF MOTION TO DISMISS BY SPECIAL APPEARANCE

COMES NOW Defendant the Honorable Carlton L. Kell, by special appearance and without submitting to the jurisdiction of the Court, by and through the Attorney General of the State of Georgia, and respectfully files this Motion to Dismiss Plaintiff's Complaint.

## I.    OVERVIEW OF THE CASE

Plaintiff, who is *pro se*, filed the instant suit on May 19, 2009, entitled "Complaint for Declaratory Judgment and other Relief and an Independent Action in Equity" (hereinafter, "Complaint") against The Honorable Carlton L. Kell of the Cobb County Superior Court (hereinafter, "Judge Kell")

alleging due process violations and seeking various declaratory, injunctive and equitable relief.  Specifically, Plaintiff asks this Court to declare as void certain contempt orders entered by Judge Kell in Plaintiff's ongoing custody and child support dispute before the Cobb County Superior Court.[1]

On February 20, 2009, Judge Kell issued an Order in the Plaintiff's state court child support action compelling Plaintiff to pay Five Thousand One Hundred Dollars ($5,100.00) in child support arrearage and Seven Hundred Fifty Dollars in attorneys' fees on or before March 23, 2009.  See Exhibit D to Complaint, Doc. 1.

In an effort, it would seem, to avoid contempt and to avoid paying the back child support, Plaintiff attempted to remove his divorce action from the Superior Court of Cobb County to the United States District Court for the Northern District of Georgia at Atlanta on March 13, 2009.  See McGee v. McGee, Civil Action No. 1:09-CV-0690, Doc. 1.  The Court remanded the action to the Superior Court on April 21, 2009 for lack of subject matter jurisdiction.  See Order, April 21, 2009, Doc. 5.

---

[1]    Plaintiff previously came before this court attempting to seek relief from Judge Kell's order in his state divorce action, McGee v. Kell and Drukman, Civil Action No. 1:08-CV-1433.  That action was dismissed by this Court on October 20, 2008.  (Doc. 12).  Plaintiff appealed to the Eleventh Circuit Court of Appeals, who affirmed the dismissal on June 8, 2009.  A copy of the Opinion of the Court of Appeals is attached hereto as Exhibit "A."

On March 25, 2009, Judge Kell entered an Order of Incarceration based upon Plaintiff's failure to comply with the Court's Order of February 20, 2009, was found in willful contempt, and a bench warrant was issued for Plaintiff. Id.

On May 4, 2009, "an individual on behalf of" Plaintiff presented a certified check in the amount of $5,850; as such, Plaintiff was deemed to have "purged himself of willful contempt" the bench warrant was recalled. Order to Recall Bench Warrant, Complaint, Exhibit H.

Plaintiff's instant Complaint is based upon his attempted removal of his divorce action from the Superior Court of Cobb County to this Court, which, he claims, divested the Superior Court of jurisdiction and suspended the action in Superior Court. Plaintiff requests this court issue a declaratory judgment declaring the bench warrant issued on March 25, 2009, as "void ab initio;" issue an injunction prohibiting Judge Kell "from misusing his power…to order any person to violate the Laws of the United States of America…[and] to deprive any person of Equal Protection under the Law;" for compensatory damages, including the costs of litigation and "that any property taken from Plaintiff under color of state law be retuned to the Plaintiff;" and for compensatory and punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00). Complaint, Doc. 1 at pp. 5-6.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    The Standard of Review.

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) where the district court lacks subject matter jurisdiction.  Where there is "a factual attack on jurisdiction, such as in this case, the district court may consider matters outside the pleadings, and the presumption of truthfulness normally afforded a plaintiff under Rule 12(b)(1) does not apply."  Briggs v. Briggs, 245 Fed. Appx. 934, 936 (11th Cir. 2007) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  Accord McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007).

> [W]hen the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Ishler v. Internal Revenue, 237 Fed. Appx. 394, 395 (11th Cir. 2007).

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted."

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. Wagner v. Daewoo Heavy Industries America Corp., 289 F.3d 1268, 1270 (11th Cir. 2002), vacated on other grounds, 298 F.3d 1228 (11th Cir. 2002); See also Beck v. Deloitte & Touche, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).

Moreover, "[a] complaint is [ ] subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." Marsh v. Butler County, Alabama, 268 F. 3d 1014, 1022 (11th Cir. 2001) (en banc) (citing Quiller v. Barclays American/Credit, Inc., 727 F. 2d 1067, 1069 (11th Cir. 1984) vacated on petition for rehearing, reinstated by 764 F. 2d 1400 (11th Cir. 1985).

A "court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007). The existence of

a jury verdict and final judgment in a state court proceeding are matters of which a court may take judicial notice. United States v. Jones, 29 F. 3d 1549, 1553 (11th Cir. 1994) (explaining "that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal quotations omitted). Accord, Young v. City of Augusta ex rel. DeVaney, 59 F. 3d 1160, 1167 n. 11 (11th Cir. 1995); Tuscano v. Evening Journal Association, 179 Fed. Appx. 621, 623 n. 3 (11th Cir. 2006); Universal Express, Inc. v. United States SEC, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (holding a district court could properly take judicial notice of a pleading filed in another state because it is a public record); Selbst v. Coca Cola Company, 2008 U.S. App. Lexis 768, p. 4 (11th Cir. 2008) (recognizing that a district court could properly take judicial notice of SEC filings "'for the purpose of determining what statements the documents contain.'" quoting Bryant v. Avado Brands, Inc., 187 F. 3d 1271 (11th Cir. 1999)). See also, Shahar v. Bowers, 120 F. 3d 211, 214 (11th Cir. 1997) (en banc).

**B.    This Court Lacks Federal Subject Matter Jurisdiction.**

Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.  However, in order to obtain any remedy, Plaintiff must first establish that this Court has subject matter jurisdiction.  Plaintiff has failed to even assert any basis upon which this Court has federal subject matter jurisdiction in his Complaint.  On that basis alone, Plaintiff's Complaint is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

**C.    This Court Lacks Subject Matter Jurisdiction pursuant to the Rooker-Feldman Doctrine.**

Plaintiff requests that this Court declare the Court's Order of March 25, 2009, "void ab initio." Doc 1, p. 5.  This Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).  Based on that doctrine, Plaintiff's claims are an impermissible collateral attack on Judge Kell's judicial decisions and should therefore be dismissed.

It is well established that litigants may not obtain review of a state court's final orders or judgments by filing an action in federal district court. Feldman, 460 U.S. at 482 (1983).  The Eleventh Circuit has reaffirmed the validity of the Rooker-Feldman doctrine in dismissing federal claims that are intertwined with state court claims.  Goodman v. Sipos, 259 F.3d 1327 (11th

Cir. 2001). In <u>Goodman</u>, the plaintiffs filed a claim under 42 U.S.C. § 1983. However, the district court concluded that they were also "essentially challenging" an order issued by a juvenile court judge regarding custody. In affirming a decision issued by United States District Judge Clarence Cooper, the Eleventh Circuit reiterated that "[a] federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." <u>Goodman</u>, 259 F.3d at 1331 (citing <u>Siegel v. LePore</u>, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc)).

In this case, even more so than in <u>Goodman</u>, Plaintiff is challenging the decision of a state court judge and nothing more. He has failed to state any federal claim. Plaintiff seeks injunctive relief against Judge Kell for alleged conduct directly related to the state court judgment and further seeks to declare as void the very contempt order entered against him in the state court proceedings. Such claims for federal relief are clearly within the ambit of the <u>Rooker-Feldman</u> doctrine in that they directly seek to have a federal court declare that a state court wrongly decided the issues before it. <u>Goodman</u>, 259 F.3d at 1331. <u>See</u> <u>also</u> <u>Hirschhorn v. Ross</u>, 250 Fed. Appx. 916 (11th Cir. 2007) (deciding that a request to declare a final state court judgment void was properly dismissed under the <u>Rooker-Feldman</u> doctrine);

Blue Cross & Blue Shield of Maryland, Inc. v. Weiner, 868 F.2d 1550, 1556 (11th Cir. 1989) (noting that the Rooker-Feldman doctrine is applicable to impermissible requests for declaratory or injunctive relief). Plaintiff's Complaint contains no allegations regarding any action by Judge Kell outside of the underlying superior court contempt action from which he seeks an impermissible review from this Court. Accordingly, the action against Judge Kell should be dismissed for lack of subject matter jurisdiction.

### D.    Abstention is Required by the Younger v. Harris Doctrine of Any Matters Pending before Judge Kell.

To the extent the underlying state court matters from which Plaintiff seeks review are deemed pending, the principles of comity require dismissal. Federal courts ordinarily abstain from adjudicating cases where state proceedings are pending. Younger v. Harris, 401 U.S. 31 (1971). The Younger doctrine has been interpreted as "preventing federal courts from being the grand overseers of state courts and court-like administration." Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004). In turn, abstention is proper where a federal injunction would 1) create an undue interference with state proceedings and 2) where the state proceedings at issue involve orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. The Supreme Court has specifically recognized

the importance of a state's interest in its contempt process and concluded

that federal interference in such proceedings creates an undue interference

warranting abstention.  Juidice v. Vaile, 430 U.S. 327, 335-36 (1977).

Similarly, abstention is proper in ongoing state domestic and custody

proceedings because of the important underlying state policies in such

matters.  See Liedel v. Juvenile Court of Madison County, Alabama, 891

F.2d 1542, 1546 (11th Cir. 1990) (holding that federal district courts may not

interfere with ongoing child custody proceedings).  See also Bahji Amelia

Adams v. State of Georgia, 2008 U.S. Dist. LEXIS 16920, at *8-9 (N.D.

Ga., March 5, 2008) (abstention was warranted where plaintiff alleged fraud

and due process violations against a state court judge and sought to

challenge the judge's decisions in an ongoing state custody proceeding).

In the instant case, Plaintiff seeks to overturn a contempt order entered

against him in a state domestic matter by having it declared void and also

seeks an injunction against Judge Kell actions in the future in this and other

unrelated proceedings before him..  To grant such relief would require an

undue interference by this Court in a state court's domestic and contempt

process and, in turn, would impinge upon Judge Kell's judicial function in

such proceedings.  See Shapiro v. Ingram, No. 06-10834, 2006 U.S. App.

LEXIS 26660, at *940 (11th Cir. October 25, 2006) (unpublished)

(concluding that federal interference into a judge's findings of contempt or other related evidentiary or administrative rulings creates an undue interference requiring abstention).  Thus, comity concerns warrant this Court's abstention as to any matters pending before Judge Kell.

### D.    The Plaintiff Lacks Standing as There is No Active Case or Controversy

On May 4, 2009, Judge Kell found that Plaintiff had purged himself of contempt with regard to his February 20, 2009 order requiring Plaintiff to pay child support arrearages and recalled the bench warrant filed on March 25, 2009.  (Exhibit H to Complaint, Doc. 1).  Plaintiff filed this action on May 19, 2009, asking this Court to declare Judge Kell's March 25, 2009 order as "void ab initio."  (Doc. 1, p.5).

For Plaintiff to proceed in the instant action there is a requirement that there be an actual case or controversy to confer jurisdiction upon this Court. See 31 Foster Children v. Bush, 329 F.3d 1255, 1263 (11th Cir. 2003).  This Court does not have the authority to decide a case that is moot.  See Williams v. County of Forsyth, 2008 US Dist. LEXIS 74428 (N.D. Ga. Sept. 26, 2008).  "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy."  Williams at *16 (quoting Adler v. Duvall County School Board, 112 F.3d 1475, 1478 (11th Cir. 1997).

Plaintiff paid the child support arrearage ordered by Judge Kell on February 20, 2009, and thus purged himself of the contempt order issued on March 25, 2009. The bench warrant included within the March 25, 2009 contempt order was recalled on May 4, 2009, two weeks before this instant action was filed. Because Plaintiff has complied with the judgment of contempt by payment of the amount required, his request that this Court order that contempt order "void ab initio" is moot. See e.g. Gabriel v. Gabriel, 219 Ga. 290, 133 S.E.2d 25 (1963) ("It now appearing that the respondent has complied with the judgment of contempt by payment of the amount required, his assignment of error upon such contempt judgment is moot, and the writ of error is therefore dismissed").

Additionally, Plaintiff's requests for declaratory relief are improper. There must be an actual controversy for the Court to award declaratory relief. See Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985). Further, declaratory relief is only available when necessary to protect the parties from the risk of undirected future action and to permit determination of a controversy before rights are violated. See 28 U.S.C.S. § 2201(a). The intent of the Declaratory Judgment Act is to allow an alternative to injunctive relief. See United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. N.D. 1975). A declaratory ruling with respect to an order rendered before

these proceedings were commenced does not satisfy the requirement of an actual controversy.

Finally, this Court is without jurisdiction to hear Plaintiff's claims for injunctive relief because Plaintiff does not have standing to assert such a claim. The United States Supreme Court has stated:

> The duty of this Court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

Mills v. Green, 159 U.S. 651, 653 (1895).

First and foremost, Plaintiff's request for injunctive relief is not specific enough to warrant relief. The Supreme Court has interpreted FED. R.CIV.P. 65 (d) to require that "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail...the act or acts sought to be restrained." Schmidt v. Lessard, 414 U.S. 473,475 (1974). The Court further noted that, "[t]he Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." Id. at 476.

Here, as in <u>Schmidt</u>, Plaintiff seeks injunctive relief that fails to establish the precise actions that must be undertaken to avoid running afoul of such an order and subjecting the State Defendants to citations of contempt. See <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1200-1201 (11th Cir. 1999) ("[A]n injunction must contain an operative command capable of enforcement." (citations omitted)). Plaintiff seeks injunctions that would prohibit Judge Kell "from misusing his power," but fails to identify any specific conduct or action he seeks to enjoin. His superficial request for injunctive relief lacks sufficient specificity to provide the Judge Kell with notice of the specific behavior he is to avoid – aside, presumably, from holding Plaintiff in contempt -- and thus Plaintiff's request should not be considered by the Court.

In addition, Plaintiff cannot establish that there is a substantial likelihood of future injury and, therefore, he lacks standing to seek injunctive relief. Injunctions regulate future conduct, and a party has standing to seek injunctive relief only when a real or implied threat of future injury is alleged. <u>Shotz v. Cates</u>, 256 F.3d 1077, 1081 (11th Cir. 2001) (holding disabled persons seeking an injunction to remove hindrances to their attendance of court proceedings lacked Article III standing because they had not alleged facts showing any likelihood of future injury). Courts

have consistently held that where there is no substantial likelihood of future injury there is no standing to seek injunctive relief.  See Warth v. Seldon, 422 U.S. 490, 508 (1975); Cone v. Florida Dept. of Transportation, 921 F. 2d 1190, 1204 (11th Cir. 1991).

Plaintiff's Complaint is void of any allegations to support even an inference of a real and immediate threat of future injury.  Indeed, Plaintiff cannot meet this burden because he cannot aver with any certainty that he will be subject to any contempt by Judge Kell.  As a result, he lacks standing to pursue injunctive relief.

### F.    Insofar as Plaintiff Requests Injunctive Relief, Plaintiff Fails to State A Claim under 42 U.S.C. § 1983 Upon Which Relief May Be Granted

42 U.S.C. § 1983 provides that

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*….

42 U.S.C. § 1983 (1979 and Supp. 1996).  Here, Plaintiff's claims arise from actions taken by Judge Kell in his judicial capacity.  Since Plaintiff has not

alleged that a declaratory decree was violated or unavailable, Plaintiff may not seek an injunction under Section 1983.

Even if Section 1983 provided a basis upon which Plaintiff could seek injunctive relief, such relief may not be obtained against Judge Kell in his individual capacity.

It has long been established that the Eleventh Amendment bars a suit against the State or one of its agencies, departments or officials, absent a waiver by the State or a valid Congressional override, when the State is the real party in interest or when any monetary recovery would be paid out of state funds. Kentucky v. Graham, 473 U.S. 159, 169 (1985). The United States Supreme Court has construed the Eleventh Amendment jurisdictional bar to extend to federal suits against a non-consenting state "by her own citizens as well as citizens of another state." Port Authority Trans-Hudson v. Feeney, 495 U.S. 299 (quoting Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(Pennhurst II)).

The State of Georgia has not consented to be sued in federal court under Section 1983 or Georgia state law. Ga. Const. Art. 1 § 2 ¶ 9(e) and (f). Therefore, the State of Georgia has not waived the immunity provided it and its officials under the Eleventh Amendment.

An exception to Eleventh Amendment immunity does exist under <u>Ex Parte Young</u>, 209 U.S. 123 (1908) and allows suits against individuals sued in their **official capacity** seeking prospective injunctive relief for violations of federal law.  <u>Summit Medical Assocs., P.C. v. Pryor</u>, 180 F.3d 1326, 1336 (11th Cir. 1999).  The exception applies only to suits against individuals sued in their "official capacities" because "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable; but a state official sued in his official capacity is a person for purposes of § 1983 when prospective relief, including injunctive relief, is sought."  <u>Edwards v. Wallace Comm. Coll.</u>, 49 F.3d 1517, 1524 n.9 (11th Cir. 1995).  It is for this reason that when the relief sought is an order concerning official duties, a claim form injunctive relief may be brought against government officials only in their official capacity, and not in their individual capacity.  <u>Wu v. Thomas</u>, 863 F.2d 1543, 1550 (11th Cir. 1989).

In this case, Plaintiff seeks injunctive relief against Judge Kell relating to his official duties as a judge for the Superior Court of Cobb County, Georgia.  As such, Plaintiff's claims cannot be brought against Judge Kell in his individual capacity.

### G.    Judge Kell Is Absolutely Immune From Suit Under The Doctrine Of Judicial Immunity.

To the extent Plaintiff seeks damages against Judge Kell, he is shielded by absolute judicial immunity.  Since Plaintiff has complained only of actions taken by Judge Kell in his official role as a Georgia Superior Court Judge, such immunity shields Judge Kell from liability in this action. Pierson v. Ray, 386 U.S. 547 (1967).

Judicial officers have been shielded from liability for acts done in their judicial capacity "from the earliest dawn of jurisprudence down to the latest reported cases."  West End Warehouses v. Dunlap, 141 Ga. App. 333 (1977); Smith v. Hancock, 150 Ga. App. 80 (1979); Chamberlain v. Thompson, 165 Ga. App. 807 (1983).  The rationale for judicial immunity is the recognition that "[i]t is ultra-important in our democracy to preserve the doctrine of judicial immunity to enable our judges to exercise within their lawful jurisdiction untrammeled determination without apprehension of subsequent damage suits." Hill v. Bartlett, 126 Ga. App. 833, 840 (1972). The United States Supreme Court has ruled a number of times that the doctrine of judicial immunity is "firmly established," even for acts allegedly done in excess of authority, erroneously, maliciously or corruptly. Pierson, 386 U.S. at 554; Imbler v. Pachtman, 424 U.S. 409, 419 n. 13 (1976). Further, judges not acting in the clear absence of all jurisdiction are immune

from damages, even when those claims are based on charges of conspiracy in their rulings.  Dykes v. Hosemann, 776 F.2d 942 (11th Cir. 1985) (en banc).

Judicial immunity protects judges against both state law claims and civil rights actions.  This immunity is overcome only in two limited sets of circumstances:  (1) where a judge is being sued upon non-judicial actions, and (2) where the judge has taken judicial action in the complete absence of all jurisdiction.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  Clearly, neither exception is applicable here.

In the instant case, all of the allegations against Judge Kell concern his judicial decisions entered in a case pending before him.  Judge Kell's actions were taken in his capacity as a judge and comprise judicial acts.  Accordingly, Judge Kell is entitled to judicial immunity and dismissal of this action against him.

## III.    CONCLUSION

For the above and foregoing reasons, Judge Kell respectfully moves this Court to dismiss Plaintiffs' action with prejudice.

Respectfully submitted this 15th day of June, 2009.

THURBERT E. BAKER        033887
Attorney General

KATHLEEN M. PACIOUS      558555
Deputy Attorney General

S/ Devon Orland_____
DEVON ORLAND             401250
Sr. Assistant Attorney General

/s/ Holly Loy Smith_____
Holly Loy Smith          036299
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
HOLLY LOY SMITH
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 656-8850
Facsimile:   (404) 651-5304
Email: hsmith@gmail.com

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned hereby certifies that the foregoing document has

been prepared in accordance with the font type and margin requirements of

Local Rule 5.1 of the Northern District of Georgia, using a font type of

Times New Roman and a point size of 14.


/s/ Holly Loy Smith_____

Holly Loy Smith                         036299

Assistant Attorney General


PLEASE ADDRESS ALL
COMMUNICATIONS TO:
HOLLY LOY SMITH
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:   (404) 656-8850
Facsimile:   (404) 651-5304
Email: hsmith@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have mailed by United State Postal Service the

foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** to the

following non-CM/ECF *pro se* Plaintiff:

> Jason F. McGee
> 290 Christopher Drive
> Hiram, Georgia 30141

This 15th day of June, 2009.

> /s/ Holly Loy Smith_____
> Holly Loy Smith            036299
> Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
HOLLY LOY SMITH
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 656-8850
Facsimile:   (404) 651-5304
Email: hsmith@gmail.com