FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 20 2009

JAMES N. HATTEN, Clerk
By: /s/ White, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON F. MCGEE,<br>PLAINTIFF,<br><br>v.<br><br>THE HONORABLE CARLTON L. KELL,<br>SUPERIOR COURT JUDGE,<br>COBB COUNTY GEORGIA, in his<br>Individual Capacity<br>DEFENDANT. | Case No. 1:09-CV-1338-TWT |

## PLAINTIFF'S 1ST RESPONSE TO DEFENDANT THE HONORABLE CARLTON L. KELL'S MOTION TO DISMISS BY SPECIAL APPEARANCE

1. When considering a motion to dismiss, all facts set forth in the plaintiffs complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." GSW, Inc. v. Long County, 999 F. 2d 1508, 1510 (11th Cir. 1993).

2. A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez, 129 F.3d at 1189 (internal quotations and citation omitted). GROSSMAN v. NATIONSBANK, 225 F.3d 1228, 1231-1232 (11th Cir. 2000).

3. A complaint may not be dismissed because the plaintiffs claims do not

support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory. Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967).

4. The Eleventh Circuit has recently written: [T]he Supreme Court has stated that the "accepted rule" for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Tiftarea Shopper, Inc. v. Georgia Shopper, Inc., 786 F.2d 1115, 1117-18 (11th Cir.1986) (quoting Conley), Id. (quotation marks omitted) Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

5. The district court may consider not only the complaint but also the exhibits attached to it. See Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (quotation marks omitted)

6. ("[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto."). Tucker v. National Linen Service Corp., 200 F.2d 858, 864 (5th Cir. 1953).

7. "[w]here there is a conflict between allegations in a pleading and exhibits

thereto, it is well settled that the exhibits control." Tucker v. National Linen Service Corp., 200 F.2d 858, 864 (5th Cir. 1953).

8. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the 11th Circuit Court Of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Respectfully Submitted,

Dated: July 20, 2009

Jason F. McGee, Pro Se
290 Christopher Drive
Hiram, GA  30141
678 662-3905  Cell
419 828-6421  Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON F. MCGEE,<br>PLAINTIFF,<br><br>v.<br><br>THE HONORABLE CARLTON L. KELL,<br>SUPERIOR COURT JUDGE,<br>COBB COUNTY GEORGIA, in his<br>Individual Capacity<br>DEFENDANT. | Case No. 1:09-CV-1338-TWT |

## VERIFICATION

Personally appeared before me the undersigned officer duly authorized to administer oaths, Jason F. McGee, who, after being duly sworn, states that the information contained in the foregoing Petition is true and correct to the best of his knowledge.

_____
Jason F. McGee

Sworn to and subscribed

before me this 18th day

of July 2009.

_____
Notary Public

My commission expires: _____

SUSAN C VONNER
NOTARY PUBLIC
PAULDING COUNTY
STATE OF GEORGIA
My Commission Expires October 5, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON F. MCGEE,
PLAINTIFF,

v.

THE HONORABLE CARLTON L. KELL, | Case No. 1:09-CV-1338-TWT
SUPERIOR COURT JUDGE,
COBB COUNTY GEORGIA, in his
Individual Capacity
DEFENDANT.

## CERTIFICATE OF SERVICE

This is to certify that I have, this day, served a true and correct copy of the within and forgoing "**PLAINTIFF'S 1ST RESPONSE TO DEFENDANT THE HONORABLE CARLTON L. KELL'S MOTION TO DISMISS BY SPECIAL APPEARANCE**" upon Defendant to this action by mailing a copy of same in the United States mail with proper postage attached thereon and addressed as follows:

HOLLY LOY SMITH
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

_____
Jason F. McGee

Dated: July 20, 2009