EXHIBIT I

Filed In Office Feb-12-2008 09:33:05
ID# 2008-0020330-CV
Page 1

Jay C. Stephenson
Clerk of Superior Court Cobb County

## IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

JASON F. MCGEE ,                    )
                                    )
PETITIONER,                         )          **CIVIL ACTION FILE**
                                    )
v.                                  )          **NO. 06-1-10115-49**
                                    )
HONORABLE C. LATAIN KELL            )
                                    )
RESPONDENT,                         )

### MOTION FOR RECUSAL OF THE HONORABLE JUDGE KELL

1. Petitioner Jason F. McGee moves the Honorable Judge Kell to recuse himself from this case per Rule 25 of the Uniform Rules of the Superior Court.

2. Petitioner Jason F. McGee moves this Court to cite its Findings of Fact and Conclusions of Law on the Petitioner's **MOTION FOR RECUSAL OF THE HONORABLE JUDGE KELL** per subsection(a) of O.C.G.A. § 9-11-52.

3. The Law is clear:

4. Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion. **Uniform Superior Court Rule 6.2**

5. Party who fails to comply with rule requiring party who opposes a motion to file responsive material within 30 days after service of motion waives her right to present evidence in opposition to the motion. **Rudd v. Paden, 2006, 279 Ga.App. 141, 630 S.E.2d 648**

6. Although the presence of the conditional language in rule requiring party who opposes a motion to file responsive material within 30 days after service of motion, "unless ordered by the judge," does not give the trial judge discretion regarding the period of time by which a party

EXHIBIT I

EXHIBIT I

must respond to a motion, it does not give the court unfettered authority to excuse late filing.

**Rudd v. Paden, 2006, 279 Ga.App. 141, 630 S.E.2d 648**

7.  Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except for new trail and motions for judgment notwithstanding the verdict.  **Uniform Superior Court Rule 6.3**

8.  At the time of filing any action for temporary or permanent child support, alimony, equitable division of property, modification of child support or alimony or attorneys fees, the filing party shall file with the Clerk of Court the affidavit specifying his or her financial circumstances in the form set forth herein and, in cases involving child support, the schedules required by O.C.G.A. § 19-6-15 (effective January 1, 2007, as thereafter amended or revised), and shall serve the same upon the opposing party.  **Uniform Superior Court Rule 24.2**

9.  Mr. Drukman waived his right to contest a **MOTION TO VACATE AND SET ASIDE JUDGMENT** filed by Attorney Carin Burgess by failing to respond within 30 days.

10.  Petitioner alleges that the Honorable Judge Kell made clear errors of Law.

WHEREFORE, Petitioner prays:

a.  The Honorable Judge Kell will recuse himself from taking any actions that will deprive the Petitioner of all Rights Guaranteed by the Georgia Constitution and the U.S. Constitution.

b.  The Honorable Judge Kell will recuse himself to prevent any appearance of manifest bias or prejudice because the Petitioner appeared Pro Se before him.

Dated: <u>February 11, 2008</u>

Jason F. McGee, Pro Se

EXHIBIT I

*EXHIBIT J*

**IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA**

Jay C. Stephenson
Clerk of Superior Court Cobb County

JASON F. MCGEE ,                    )
                                    )
PETITIONER,                         )          **CIVIL ACTION FILE**
                                    )
v.                                  )          **NO. 06-1-10115-49**
                                    )
HONORABLE C. LATAIN KELL            )
                                    )
RESPONDENT,                         )

## AFFIDAVIT IN SUPPORT OF MOTION FOR RECUSAL OF THE HONORABLE

## JUDGE KELL

## MOTION TO VACATE AND SET ASIDE JUDGMENT

   1. Mr. Drukman was caught by surprise after the Honorable Judge Stoddard refused to grant the Motion For Contempt filed by Debbie McGee.

   2. I listened as Mr. Drukman told the Honorable Judge Stoddard that he was never served a copy of the Motion.

   3. I listened as Mr. Drukman told the Honorable Judge Stoddard that he had never seen the Motion.

   4. The Honorable Judge Stoddard was gracious enough to print Mr. Drukman a copy of the Motion that he claimed that he had never seen.

   5. I'm sure that Attorney Carin Burgess would disagree with Mr. Drukman's recollection about not having seen her **MOTION TO VACATE AND SET ASIDE JUDGMENT**.

   6. I read the Letter Mr. Drukman wrote in response to a Complaint that I filed with the State Bar of Georgia referencing the Motion that he told Judge Stoddard that he had never seen.

*EXHIBIT J*

EXHIBIT J

7. The Record clearly reflects that Attorney Melvin Drukman will make untrue statements both in writing and in the Courtroom when they are in his best interest.

8. After the Honorable Judge Stoddard rejected Mr. Drukman's Motion For Contempt, he filed a Response to the **MOTION TO VACATE AND SET ASIDE JUDGMENT**.

9. If Ms Burgess provided proof of service with the filing of the **MOTION TO VACATE AND SET ASIDE JUDGMENT** why didn't the Honorable Judge Kell Order her to appear in Court?

10. If Ms Burgess did not mail the **MOTION TO VACATE AND SET ASIDE JUDGMENT** to Mr. Drukman she should be held accountable.

11. If Mr. Drukman received proper notice, he waived the right to contest the Motion and the Court must rule in my favor.

12. Mr. Drukman stated "I waived service and filed an answer, Your Honor. That issue can be heard. So we can go forward." **Page 10. Transcript Prepared by Beverly Bridges, CCR**

13. If Mr. Drukman waived service, he still was not allowed to contest the **MOTION TO VACATE AND SET ASIDE JUDGMENT**. **Rudd v. Paden, 2006, 279 Ga.App. 141, 630 S.E.2d 648**

**FINANCIAL AFFIDAVIT**

14. I stated to the Court that a Financial Affidavit is required under the Uniform Rules of the Superior Court – 24.1. **Page 14. Transcript Prepared by Beverly Bridges, CCR**

15. Mr. Drukman must believe that a financial affidavit is not required if his client was unemployed. **Page 14. Transcript Prepared by Beverly Bridges, CCR**

16. The Uniform Rules of the Superior Court and Law state that a Financial Affidavit is required. **O.C.G.A. § 19-6-15. Rule 24.2 Uniform Rules of the Superior Court**

EXHIBIT J

*EXHIBIT J*

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

17. The requirement of written findings of fact and conclusions of law applies to contested child custody cases under **subsection(a) of O.C.G.A. § 9-11-52. Jordan v Jordan, 179 Ga. App. 155, 345 S.E.2d 675 (1986).**

18. Subsection (a) is mandatory in contested custody of children actions. **Couch v. Couch, 177 Ga. App. 773, 341 S.E.2d 303 (1986).**

19. Requirements of subsection (a) are applicable to contested child custody cases. **Avery v. Avery, 234 Ga. 729, 218 S.E.2d 19 (1975); Motes v. Stanton, 237 Ga. 440, 228 S.E.2d 831 (1976); Coleman v. Coleman, 238 Ga. 183, 232 S.E.2d 57 (1977) (see O.C.G.A. § 9-11-52).**

## BOTTOM LINE

20. I have no confidence that I will have Fair and Impartial proceedings under the Honorable Judge Kell.

21. I expected that I would be afforded the Rights and Privileges guaranteed by the Georgia Constitution and the U.S. Constitution.

22. If the Honorable Judge Kell had did his duty to respect and comply with the Law, there would be no point in me filing a Complaint.

23. The Honorable Judge Kell's final **ORDER** clearly shows that he has transferred his Authority to Attorney Melvin Drukman and/or the Cobb County Sheriff.

24. Instead of following the Law, the Honorable Judge Kell's actions clearly show that his Authority allows him to make the Law.

Dated: February 11, 2008

Jason F. McGee, Pro Se

*EXHIBIT J*

*EXHIBIT K*

Filed In Office Feb-12-2008 09:35:18
ID# 2008-0020334-CV
Page 1

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

Jay C. Stephenson
Clerk of Superior Court Cobb County

| | | |
|---|---|---|
| JASON F. MCGEE , | ) | |
| | ) | |
| PETITIONER, | ) | **CIVIL ACTION FILE** |
| | ) | |
| v. | ) | **NO. 07-1-09310-49** |
| | ) | |
| HONORABLE C. LATAIN KELL | ) | |
| | ) | |
| RESPONDENT, | ) | |

### MOTION FOR RECUSAL OF THE HONORABLE JUDGE KELL

1. Petitioner Jason F. McGee moves the Honorable Judge Kell to recuse himself from this case per Rule 25 of the Uniform Rules of the Superior Court.

2. Petitioner Jason F. McGee moves this Court to cite its Findings of Fact and Conclusions of Law on the Petitioner's **MOTION FOR RECUSAL OF THE HONORABLE JUDGE KELL** per subsection(a) of O.C.G.A. § 9-11-52.

3. Petitioner Jason F. McGee states that a strong inference can be drawn that the Honorable Judge Kell has violated certain Judicial Cannons of the **Judicial Codes and Rules**.

4. Petitioner provided this Court written notice of intent to appeal the contempt judgment, the enforcement of the contempt judgment must halt and the contemnor's request for a supersedeas must be granted.  **See Calver Enters., v. Griffin-Spalding County Hosp. Auth., 197 Ga. App. 727, 728-29, 399 S.E.2d 287, 288 (1990); see also Brinkley v. Flatt, 256 Ga. App. 263, 265, 568 S.E.2d 95, 98 (2002) ("Under O.C.G.A. § 5-6-13, a trial court has no discretion to grant or refuse a supersedeas in cases of contempt where the defendant has submitted an application and written notice indicating her intention to seek an appeal").**

5. Petitioner Jason F. McGee states that the Honorable Judge Kell deprived the Petitioner of

*EXHIBIT K*

EXHIBIT K

Equal Protection Under The Law by issuing an **ORDER** based upon False Allegations of Attorney Melvin Drukman.

6. Petitioner Jason F. McGee states that the Honorable Judge Kell issued an **ORDER** holding the Petitioner in Contempt of Court after allowing Attorney Melvin Drukman to present self-serving statements to the Court. **O.C.G.A. §§ 24-3-1(b). Dodd v. Scott, 2001, 250 Ga.App. 32, 550 S.E.2d 444.**

7. Petitioner alleges that the Honorable Judge Kell made clear errors of Law.

8. Petitioner Jason F. McGee alleges that he no longer expects to receive a Fair Trail under the Honorable Judge Kell based on prejudicial statements made by the Honorable Judge Kell.

9. Petitioner Jason F. McGee moves the Honorable Judge Kell to suspend his previous **ORDER** dated February 4, 2008 until his **MOTION FOR NEW TRIAL** has been granted or denied. **Walker, 239 Ga. at 175-176, 236 S.E.2d at 265; Park, 229 Ga. at 769-70, 194 S.E.2d at 468.**

WHEREFORE, Petitioner prays:

a. The Honorable Judge Kell will recuse himself from taking any actions that will deprive the Petitioner of all Rights Guaranteed by the Georgia Constitution and the U.S. Constitution.

b. The Honorable Judge Kell will recuse himself to prevent any appearance of manifest bias or prejudice because the Petitioner appeared Pro Se before him.

Dated: February 11, 2008

Jason F. McGee, Pro Se

EXHIBIT K

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

Jay C. Stephenson
Clerk of Superior Court Cobb County

JASON F. MCGEE , )
)
PETITIONER, )              CIVIL ACTION FILE
)
v. )                       NO. 07-1-09310-49
)
HONORABLE C. LATAIN KELL SR. )
)
RESPONDENT, )

## AFFIDAVIT IN SUPPORT OF MOTION FOR RECUSAL OF THE HONORABLE
## JUDGE KELL

1. On Wednesday, February 6, 2008, I received a **Notice Of Special Court Date Setting** on the Letterhead of the Honorable Judge C. Latain Kell.

2. The Hearing was scheduled for Monday February 4, 2008.

3. On Monday, February 4, 2008, the Honorable Judge C. Latain Kell signed another **ORDER** in which the following words were added "Failure to clear the debts regarding the Concord Ridge property by said date will result in incarceration by the Sheriff of Cobb County without further Order of the Court and such incarceration will continue until Defendant purges himself of his contempt by bringing the mortgage, taxes and insurance on the property current by showing the Sheriff said property is no longer in arrears." **ORDER dated FEBRUARY 4, 2008**

4. It is clear to me that Judge Kell Abused his discretion to protect Attorney Melvin Drukman.

5. I suppose that the after I am Arrested the Honorable Judge Kell will deny my **MOTION FOR NEW TRIAL**.

EXHIBIT C

### The Georgia Code of Judicial Conduct

**Canon 1  Judges Shall Uphold the Integrity and Independence of the Judiciary.**

An independent and honorable judiciary is indispensable to justice in our society. Judges shall participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe such standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

*Commentary: Deference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges. The integrity and independence of judges depends in turn upon their acting without fear or favor. **Although judges should be independent, they must comply with the law, including the provisions of this Code.** Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, violation of this Code diminishes public confidence in the judiciary and thereby does injury to the system of government under law.*

6.  I asked the Court on 4 separate occasions for Findings of Fact and Conclusions of Law.

**Page 15 – 16, 37.  Transcript Prepared by Beverly Bridges, CCR**

7.  The law is clear.

8.  When disposition of motion in nonjury case requires weighing of evidence and constitutes and adjudication on the merits, findings of fact and conclusions of law are required. **Bob Bennett Enters., Inc. v. Trust Co. Bank, 153 Ga. App. 344, 265 S.E.2d 311 (1980).**

9.  The requirement of written findings of fact and conclusions of law applies to contested child custody cases under **subsection(a) of O.C.G.A. § 9-11-52. Jordan v Jordan, 179 Ga. App. 155, 345 S.E.2d 675 (1986).**

10.  Subsection (a) of O.C.G.A. § 9-11-52 is mandatory in contested custody of children actions. **Couch v. Couch, 177 Ga. App. 773, 341 S.E.2d 303 (1986).**

11.  Once a written notice of intent to appeal a contempt judgment is presented to the court, enforcement of the contempt judgment must halt and the contemnor's request for a supersedeas must be granted. See **Calver Enters., v. Griffin-Spalding County Hosp. Auth., 197 Ga. App.**

EXHIBIT L

*EXHIBIT L*

727, 728-29, 399 S.E.2d 287, 288 (1990); see also **Brinkley v. Flatt, 256 Ga. App. 263, 265,**

**568 S.E.2d 95, 98 (2002)** ("Under O.C.G.A. § 5-6-13, a trial court has no discretion to grant or

refuse a supersedeas in cases of contempt where the defendant has submitted an application and

written notice indicating her intention to seek an appeal").

12. An action taken respecting the judgment while the trial court is without jurisdiction is

deemed a nullity and will be reversed. **Walker, 239 Ga. at 175-176, 236 S.E.2d at 265; Park,**

**229 Ga. at 769-70, 194 S.E.2d at 468.**

13. Requirements of subsection (a) are applicable to contested child custody cases. **Avery v.**

**Avery, 234 Ga. 729, 218 S.E.2d 19 (1975); Motes v. Stanton, 237 Ga. 440, 228 S.E.2d 831**

**(1976); Coleman v. Coleman, 238 Ga. 183, 232 S.E.2d 57 (1977) (see O.C.G.A. § 9-11-52).**

14. Court of Appeals would review for abuse of discretion that trial court's failure to make

findings of fact and conclusions of law following bench trial, where motion requesting such

findings was made after judgment. **O.C.G.A. § 9-11-52(c). Vernon Library Supplies, Inc. v.**

**Ard, 2001, 249 Ga.App. 853, 550 S.E.2d 108.**

15. Principle that findings of trial courts in nonjury trials shall not be set aside unless clearly

erroneous does not apply where it appears that trial court's findings and judgment are based on

error of law. **O.C.G.A. § 9-11-52(a). Scott v. Purser Truck Sales, Inc., 1991, 198 Ga.App**

**611, 402 S.E.2d 354.**

16. Where the trial court's order contains no recitation of the facts it found to support it

conclusions, the appeal is remanded with direction that the trial judge vacate the judgment,

prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a

new judgment thereon, after which the losing party shall be free to enter another appeal if is

should wish to do so. **C & H Couriers, Inc. v. American Mut. Ins. Co., 166 Ga. App. 853,**

*EXHIBIT L*

305 S.E.2d 500 (1983).

17.  When an order fails to specify clearly the findings of fact and conclusions of law, or fails

to contain any such recitation, the case will be remanded with direction that the prior order be

vacated and a new order containing appropriate findings and conclusions be entered.  **C & H**

**Couriers Inc. v. American Mut. Ins. Co., 166 Ga. App. 853, 854, 305 S.E.2d 500, 501 (1983);**

**Fairburn Banking Co. v. Upton, 172 Ga. App. 81, 82, 321 S.E.2d 814, 815 (1984).**

18.  The order should state not only the end result of the judge's inquiry, but the process by

which it was reached.  See, e.g., **In re Interest of D.L.G., 212 Ga. App. 353, 442 S.E.2d 11**

**(1994); Moore v. Farmers Bank 182 Ga. App. 94, 95, 354 S.E.2d 692, 693 (1987); C & H**

**Couriers Inc. v. American Mut. Ins. Co., 166 Ga. App. 853, 305 S.E.2d 500 (1983);**

**Woodruff v. B-X Corp., 154 Ga. App. 197, 197-198, 267 S.E.2d 757, 758 (1980)**

**Canon 3  Judges Shall Perform the Duties of Their Office Impartially and Diligently**

**B. Adjudicative Responsibilities.**

> (5) Judges shall perform judicial duties without bias or prejudice. Judges shall not, in the
> performance of judicial duties, by words or conduct manifest bias or prejudice, including but
> not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age,
> sexual orientation or socio-economic status, and shall not permit staff, court officials and
> others subject to judicial direction and control to do so.
>
> *Commentary: Judges must refrain from speech, gestures or other conduct that
> could reasonably be perceived as sexual harassment and must require the same
> standard of conduct of others subject to their direction and control.
> Judges must perform judicial duties impartially and fairly. Judges who manifest
> bias on any basis in a proceeding impair the fairness of the proceeding and bring
> the judiciary into disrepute. Facial expression, body language, in addition to oral
> communication, can give to parties or lawyers in the proceeding, jurors, the
> media and others an appearance of judicial bias. Judges must be alert to avoid
> behavior that may be perceived as prejudicial.*

19.  The Honorable Judge Kell made it clear to me that he is BIASED against my PRO SE

EXHIBIT L

status by his comment:

20. "THE COURT: Okay. Well, explain to me why I shouldn't have you taken into custody. **And don't give me a bunch of your pro se mumbo jumbo about the legalities of it.** Tell me why you haven't made the payments I ordered you to make." **Page 8 – 9. Transcript Prepared by Kimberly A. Elias, CCR**

21. I suppose that the simple FACT that the Court Issued an **ORDER** based on a LIE told to it by Attorney Melvin Drukman would have been Irrelevant.

22. The Trial Transcripts clearly show that I was going to comply with an **ORDER** based upon False statements of Attorney Melvin Drukman or I was going to Jail.

23. The Trial Transcripts clearly show that I was going to comply with an **ORDER** based upon Misleading statements of Attorney Melvin Drukman or I was going to Jail.

**Canon 3 Judges Shall Perform the Duties of Their Office Impartially and Diligently**

**D. Disciplinary Responsibilities**

(2) Judges who receive information indicating a substantial likelihood that a lawyer has committed a violation of the Standards of Conduct of the State Bar of Georgia should take appropriate action. Judges having knowledge* that a lawyer has committed a violation of the Standards of Conduct of the State Bar of Georgia that raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall inform the appropriate authority*.

24. I accused Attorney Melvin Drukman of Lying.

25. The Honorable Judge Kell made the following statement: "Don't file pleadings in the court telling this Court that people are lying to the Court unless you have absolute proof of lying. Okay? Because that is an incredibly serious allegation." **Page 16. Transcript Prepared by Beverly Bridges, CCR**

26. I suppose Mr. Drukman told the Court the Truth on 1st **ORDER** of the Court.

EXHIBIT L

27. I suppose Mr. Drukman re-told the Court the Truth at the Compliance Hearing when he corrected certain information that he alleged in the Initial Hearing.

## Canon 3  Judges Shall Perform the Duties of Their Office Impartially and Diligently

## E. Disqualification

(1) Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where:

*Commentary: Under this rule, judges are subject to disqualification whenever their impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E(1) apply. For example, if a judge were in the process of negotiating for employment with a law firm, the judge would be disqualified from any matters in which that firm appeared, unless the disqualification was waived by the parties after disclosure by the judge.*

*Judges should disclose on the record information that the court believes the parties or their lawyers might consider relevant to the question of disqualification, even if they believe there is no legal basis for disqualification.*

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge* of disputed evidentiary facts concerning the proceeding;

28. No valid judgment could have been rendered on unsworn statements. **O.C.G.A. § 24-9-60. Grantham v. Grantham, 1996, 224 Ga.App. 1, 479 S.E.2d 370 reconsideration denied**

29. Where the statements are in the self-interest of the declarant, a court has clear reason to find them insufficiently reliable to meet the necessity of hearsay rule. O.C.G.A. §§ 24-3-1(b). **Dodd v. Scott, 2001, 250 Ga.App. 32, 550 S.E.2d 444.**

Dated: February 11, 2008

Jason F. McGee, Pro Se

EXHIBIT L

*EXHIBIT M*

2/3

# JUDICIAL QUALIFICATIONS COMMISSION
## State of Georgia

8206 Hazelbrand Road
Suite C
Covington, GA 30014
(770) 784-3189
Fax (770) 784-2454

# RECEIVED

FEB 1 4 2008

**JUDICIAL
QUALIFICATIONS
COMMISSION**

## COMPLAINT FORM

This form is designed to provide the Commission with information required to make an initial evaluation of your complaint.

PLEASE READ THE **ENTIRE FORM** AND THE **ENCLOSED BROCHURE** EXPLAINING THE COMMISSION'S FUNCTION, JURISDICTION AND PROCEDURES **BEFORE** ATTEMPTING TO COMPLETE THIS FORM.

PLEASE NOTE: COMPLAINT FORM MUST BE TYPED OR LEGIBLY HAND PRINTED, DATED AND SIGNED BEFORE IT WILL BE CONSIDERED.

I. **Person Making Complaint**

Name
Mr.
Ms.
Mrs.

| McGee | Jason | Franklin |
|---|---|---|
| (last) | (first) | (middle) |

Address  2152 Caneridge Drive

Marietta, GA 30064

Telephone  (Day) 678 662-3905       (Eve)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

II. **Judge Against Whom Complaint is Made**

Name

| Kell | Carlton | LaTain |
|---|---|---|
| (last) | (first) | (middle) |

Address  30 WADDELL STREET

MARIETTA, GA 30090-9642

Judicial Office Held  Superior          County/Judicial Circuit  Cobb
(i.e. Magistrate, Superior, Etc.)

*EXHIBIT M*

IV. Additional Information   (if available)

a. If your complain arises out of a court case, please answer the following questions:

1. What is the name and number of the case?

Case name: <u>Jason F. McGee v. Debbie McGee</u>   Case Number <u>06-1-10115-49</u>

<u>Debbie McGee v. Jason F. McGee</u>   <u>07-1-09310</u>

2. What kind of case is it?

[✓] civil   [ ] criminal   [ ] domestic relations   [ ] probate

[ ] small claims   [ ] traffic   [ ] other (specify)

3. What is your relationship to the case?

[✓] plaintiff/petitioner   [ ] defendant/respondent

[ ] attorney for _____ : _____

[ ] witness for _____ : _____

[ ] other (specify)

b. If you were represented by an attorney in this matter at the time of the judge's conduct, please identify the attorney:

Name _____

Address _____

_____

Phone _____

c. List and attach copies of any relevant documents which you believe support your claim that the judge has engaged in judicial misconduct or has a disability. (Note: These documents may not be returned to you and you should retain a copy for your records.)

<u>The Record clearly speaks for itself.  Judge Kell was more concerned about protecting</u>

<u>Attorney Melvin Drukman and Debbie McGee than being Fair and Impartial.</u>

d. Identify, if you can, any other witnesses to the conduct about which you complain:

Name(s): _____   _____

Addresses: _____   _____

EXHIBIT M

EX HIBIT M

III. Statement of Facts

Please provide in as much detail as possible the information of which you have
knowledge which you believe constitutes judicial misconduct or disability.  Include
names, dates, places, addresses and telephone numbers which may assist the
Commission.
Note: In the Code of Judicial Conduct, "knowledge" denotes actual knowledge of
the fact in question and may be inferred from circumstances.

---

The Honorable Judge Keil ignored the Law to issue a ruling favorable to Attorney Melvin Drukman.  When I asked him to comply

with the Law, he made it clear to me that he did not want to hear my Pro Se Mumbo Jumbo.  Either I was going to comply with

an Illegal Order or I was going to the Cobb County Jail.

If additional space is required, attach and number additional pages

EX HIBIT M

*EXHIBIT M*

---

**IN FILING THIS COMPLAINT, I UNDERSTAND THAT THE COMMISSION'S RULES PROVIDE THAT ALL PROCEEDINGS OF THE COMMISSION, INCLUDING COMPLAINTS FILED WITH THE COMMISSION, SHALL BE KEPT CONFIDENTIAL UNTIL THIS COMPLAINT HAS BEEN RESOLVED. I FURTHER UNDERSTAND THAT THIS RULE OF CONFIDENTIALITY ATTACHES AND BECOMES EFFECTIVE UPON THE FILING OF THIS COMPLAINT AND THAT ANY VIOLATION COULD RESULT IN A CITATION FOR CONTEMPT OF THE SUPREME COURT.**

---

V.  Under penalty of perjury, I declare that I have examined and understand this complaint form and to the best of my knowledge and belief, the above information is true, correct and complete and submitted of my own free will.

11 Feb 2008        _Jason F. McGee_
(Date)                                    (Complainant's  Signature)

( Only signed complaints will be considered.)

> Please note that the Commission only has authority to investigate allegations of judicial misconduct or permanent disability by persons holding state judicial positions.  The Commission has no jurisdiction over and does not consider complaints against Federal Judges, lawyers, police, court personnel or District Attorneys.  The Commission does not act as an appellate court and cannot review, reverse or modify a legal decision made by a judge in the course of a court proceeding.  For example, the Commission does not investigate claims that a judge wrongfully excluded evidence; imposed an improper sentence; awarded custody to the wrong party; incorrectly awarded alimony or child support; incorrectly resolved a legal issue or believed perjured testimony.
>
> You should also be aware that in the course of the investigation, the Commission may find it necessary to disclose your identity and the existence of this complaint to the involved judge.  By filing this complaint, you expressly consent to any such disclosure.
>
> If after reviewing this form and the accompanying brochure, you have further questions, the Commission will welcome your inquiry.  Be assured that any complaint which lies within the jurisdiction of the Commission will be carefully considered.

Please return this form and direct all future communications to:

    Judicial Qualifications Commission
    Suite   C
    8206 Hazelbrand Road
    Covington, GA   30014

If you need additional forms, permission is granted to make copies of this form.

*EXHIBIT M*

*EXHIBIT N*

FILED AND RECORDED

08 MAR 11 PM 4:51

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

COBB SUPERIOR COURT CLERK

DEBBIE D. M<sup>c</sup>GEE      *

     *

       Plaintiff      *

     *   CIVIL ACTION

v.      *

     *   FILE NO: 06-1-10115-49

JASON F. M<sup>c</sup>GEE      *

     *

       Defendant      *

## ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL OF THE HONORABLE JUDGE KELL

The Court, having read and considered the record and applicable legal authority, hereby orders that Defendant's "Motion For Recusal Of The Honorable Judge Kell" (herein "Motion For Recusal") be denied. Upon the filing of a motion seeking recusal of a trial judge, said judge shall temporarily cease to act upon the merits of the matter and immediately determine: (1) the timeliness of motion; (2) the legal sufficiency of a movant's affidavit; and (3) whether the facts alleged in the affidavit, if true, would warrant recusal. Uniform Superior Court Rule ("USCR") 25 et seq.; Butler v. Biven Software, Inc., 222 Ga. App. 88, 473 S.E.2d 168 (1996) (internal citations omitted). The instant Motion fails as the sole claim therein, which is not timely raised under the first prong of the above-referenced examination, further fails to survive analysis under the third prong even were a proper affidavit submitted in support.

I. TIMELINESS OF MOTION

Initially, the instant Motion in substantial part fails to comport with the time requirement for the filing of this type of Motion as delineated by Uniform Superior Court Rule ("USCR") 25.1. Under this Rule, "[f]iling and presentation to the judge shall be no later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not

*EXHIBIT N*

later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause be shown for failure to meet such time requirements." The Motion, dated February 11, 2008 and filed February 12, 2008, cites to the Court's consideration of a Motion For Reconsideration during hearings conducted December 17, 2007 and January 7, 2008. More than five (5) days have passed since the dates of these hearings and Movant, present at all times during these hearings, learned of the alleged grounds for disqualification claimed, neglects to include any excuse for the failure to meet the deadline for filing of the instant pleading. Therefore, to the extent that Movant references statements made at these hearings, said Motion is time barred.

Nonetheless, the Court determines that Movant does include reference to supposed grounds for recusal which may indeed be timely presented. Movant references an Order issued February 4, 2008, upon presentation by the counsel to Movant's opposing party to Movant in the underlying matter, memorializing a verbal order stated in open Court during the January 7, 2008 hearing. While Movant does not state when he learned of its issuance and does not contend that the Order contains any direction different from which he learned during the course of the January 7 hearing, in an abundance of caution, the Court determines that the Motion, as it references the Court's February 4 Order is timely filed, as the possibility exists that Movant addresses matters noted therein, and which may have learned within five (5) days of the filing and presentation of the instant Motion.

## II. LEGAL SUFFICIENCY OF MOVANT'S AFFIDAVIT

The instant Motion in its entirety appears defective as presented to the trial judge as Movant has neglected to comply with the requirement to present all evidence to be considered through properly executed affidavit, required by USCRs 25.1, 25.2. Under applicable Rules, a motion to recuse is to be accompanied by an affidavit clearly stating the facts and reasons for

EXHIBIT N

the belief that bias or prejudice exists; allegations consisting of bare conclusions and opinions shall not be legally sufficient.  USCRs 25.1, 25.2; <u>Baptiste v. State</u>, 229 Ga. App. 691, 494 S.E.2d 530 (1997). Said affidavit is to comprise the entirety of the evidence setting forth circumstances which, if true, give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment, and warranting recusal of the trial judge, USCR 25.2.  A document which the Movant seeks to serve as an affidavit cannot be properly regarded as such "where it appears that no oath was in fact administered to the one whose name is subscribed to a [document] which purports to be his affidavit, or that he signed it without consciously assuming the obligation of an oath," <u>Cone v. Sing Motor Implement</u>, 96 Ga. App. 389, 391, 100 S.E.2d 154, 156 (1957) (internal citations omitted).

Movant has attached documents with the instant Motion, one of which he seeks to serve as an affidavit and is titled "Affidavit In Support Of Motion For Recusal Of the Honorable Judge Kell" and one which seeks to serve as a verification and is titled "Verification." However, both documents which both fail to serve their self-styled purpose.  The purported affidavit is absent of any indication that same is proffered pursuant to oath.

The document appearing in the record maintained by the Clerk of Superior Court entitled "Verification," although not presented to the trial court judge, does contain the indicia of oath, yet also fails to meet the requirements under the applicable law.  Georgia case law implies that certain forms of verification may fulfill the affidavit requirement, <u>see e.g.</u>, <u>Thomason v. State</u>, 281 Ga. 429, 637 S.E.2d 639, (2006) (a motion for recusal which is neither *verified nor accompanied with required affidavits* and was thus deficient, warranting denial of such motion)(emphasis added),.  However, the verification included only indicates that the Movant states that the information in the foregoing Petition is true and correct to  the best of his knowledge and has been duly sworn before an officer authorized to administer oaths.  Under

*EXHIBIT N*

*EXHIBIT N*

Georgia law, such documents that are based only upon "the best of the knowledge and belief" of affiant are generally not sufficient to warrant recusal of a judge. Smith v. Adamson, 226 Ga. App. 698, 487 S.E.2d 386 (1997); See also, State v. Fleming, 245 Ga. 700, 702; 267 S.E.2d 207, 209 (1980)(the simple filing of an affidavit does not automatically disqualify a judge)(internal citations omitted). As a result, the instant Motion is deficient as to the affidavit requirement of USCR 25 et seq.

## III. DETERMINATION AS TO WHETHER RECUSAL WOULD BE WARRANTED IF ANY OF THE ALLEGATIONS IN THE AFFIDAVIT ARE TRUE

Finally, the Motion fails on the third prong of the analysis required by Uniform Superior Court Rule ("USCR") 25, particularly as set out in USCR 25.3. Under the applicable examination, if, assuming truth of facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists, further inquiry into recusal of a judge is warranted. Stevens v. Wakefield,160 Ga. App. 353, 287 S.E.2d 49 (1981), judgment rev'd on other grounds, 249 Ga. 254, 290 S.E.2d 58 (1982)("The test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists.") Thus, the judge's duty will be "limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." State v. Fleming, 245 Ga. 700, 702, 267 S.E.2d 207, 209 (1980) (internal citations omitted). The Court applies its analysis on the third prong of the test to determine if disqualification is proper to the document titled "Affidavit In Support Of Motion For Recusal Of the Honorable Judge Kell," which as noted previously, fails to serve as a legally sufficient affidavit.

Among grounds for recusal presented which may possibly be considered as timely presented, Movant addresses the timeliness of a response to a Motion To Vacate And Set Aside

*EXHIBIT N*

EX HIBIT N

Judgment filed by his prior counsel, Ms. Carin Burgess, Esq., to current counsel of the opposition in the underlying matter, Mr. Melvin Drukman, Esq., where service is in dispute. As his grounds for recusal, Movant argues that either the Court should determine that Ms Burgess should be compelled appear to answer for failure of execute proper service of the Motion To Vacate And Set Aside Judgment, or that service should be determined as timely as of the filing date of said Motion and any response outside of the statutory time for response under USCR 6.2 should be deemed untimely. At the time of the hearing Mr. Drukman stated that he had not received service, waived proper service and sought to respond. As an officer of the court, Mr. Drukman's statement to the court in his place is to be considered prima facie true requiring no further verification unless required by the court or the opposite party. Butts v. State, 149 Ga. App 492, 494-495, 254 S.E.2d 719, 721 (1929). Movant does not indicate that any such request was ignored and, the Court determined that no such further verification had been timely requested or was otherwise required. Thus, the Movant's allegation in this matter, even if true, would not warrant recusal.

Movant also argues no Financial Affidavit, as required by USCR 24.2 was properly filed. Even if true, Movant fails to elucidate his proposition that such absence constitutes grounds for recusal, such as a showing of any response showing bias from the Court to the raising, if any has been made, of the issue of this deficiency. Movant fails to provide viable grounds for recusal on this issue.

CONCLUSION

It is as much the duty of judge sitting in determination of a Motion To Recuse not to grant the motion when the motion is legally insufficient as it is to recuse when the motion is meritorious. State v. Fleming, 245 Ga. 700, 702, 267 S.E.2d 207, 209 (1980) (internal citations omitted). The Court determines that the Movant has not properly executed any affidavit which

EXHIBIT N

EXHIBIT N

clearly states the facts and reasons for the belief that bias or prejudice exists, and that the Motion is only timely with regards to any grounds which cite an Order issued February 4, 2008. Furthermore and upon review of Movant's allegations, the Court determines that even within his unsworn allegations, Movant has not provided legally sufficient grounds for recusal, and further that Movant has not shown good cause for his failure to comply with the filing requirements. As the motion for recusal fails to warrant further inquiry based on the above-stated grounds, the Court denies the instant Motion.

SO ORDERED, this ___11TH___ day of March, 2008.

_____

C. LaTain Kell, Judge
Superior Court of Cobb County
Cobb Judicial Circuit

EXHIBIT N

*EXHIBIT D*

## IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

DEBBIE D. MᶜGEE      *

     Plaintiff      *     **CIVIL ACTION**

     *     **FILE NO: 07-1-09310-49**

v.      *

JASON F. MᶜGEE      *

     Defendant      *

FILED AND RECORDED
08 MAR 11 PM 4:52
COBB SUPERIOR COURT CLERK

## ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL OF THE HONORABLE JUDGE KELL

The Court, having read and considered the record and applicable legal authority, hereby orders that Defendant's "Motion for Recusal of The Honorable Judge Kell" (herein "Motion For Recusal") be denied. Upon the filing of a motion seeking recusal of a trial judge, said judge shall temporarily cease to act upon the merits of the matter and immediately determine: (1) the timeliness of motion; (2) the legal sufficiency of a movant's affidavit; and (3) whether the facts alleged in the affidavit, if true, would warrant recusal. Uniform Superior Court Rule ("USCR") 25.3; Butler v. Biven Software, Inc., 222 Ga. App. 88, 473 S.E.2d 168 (1996) (internal citations omitted). The instant Motion fails as the claims which are untimely following scrutiny under the first prong fail to survive analysis under the third prong, even were a proper affidavit submitted in support.

### I.    TIMELINESS OF MOTION

Initially, the instant Motion in substantial part fails to comport with the time requirement for the filing of this type of Motion as delineated by Uniform Superior Court Rule ("USCR") 25.1. Under this Rule, "[f]iling and presentation to the judge shall be no later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not

*EXHIBIT D*

later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause be shown for failure to meet such time requirements." The Motion, dated February 11, 2008 and filed February 12, 2008, pervasively cites to statements allegedly made during hearings conducted December 17, 2007 and January 7, 2008. More than five (5) days have passed since the dates of these hearings and Movant, present at all times during these hearings, learned of the alleged grounds for disqualification claimed, neglects to include any excuse for the failure to meet the deadline for filing of the instant pleading. Therefore, to the extent that Movant references statements made at these hearings, said Motion is time barred.

Nonetheless, the Court determines that Movant does include reference to supposed grounds for recusal which may indeed be timely presented. Movant references learning of a hearing scheduled for February 4, 2008 on February 6, 2008, which is within the time frame set in Rule 25.1. However, Movant does not argue any grounds for recusal based on the scheduled hearing, which was terminated due to concerns of adequacy of notice to the absent Movant. Movant also references an Order issued February 4, 2008, presented by counsel to Movant's opposition in the underlying matter, memorializing a verbal order stated in open Court during the January 7, 2008 hearing. While Movant does not state when he learned of its issuance and does not contend that the Order contains any direction different from which he learned during the course of the January 7 hearing, in an abundance of caution, the Court determines that the Motion, as it references the Court's February 4 Order is timely filed, as the possibility exists that Movant addresses matters noted therein, and which may have learned within five (5) days of the filing and presentation of the instant Motion.

EXHIBIT O

## II.   LEGAL SUFFICIENCY OF MOVANT'S AFFIDAVIT

The instant Motion in its entirety appears defective as presented to the trial judge as Movant has neglected to comply with the requirement to present all evidence to be considered through properly executed affidavit, required by USCRs 25.1, 25.2.  Under applicable Rules, a motion to recuse is to be accompanied by an affidavit clearly stating the facts and reasons for the belief that bias or prejudice exists; allegations consisting of bare conclusions and opinions shall not be legally sufficient.  USCRs 25.1, 25.2; Baptiste v. State, 229 Ga. App. 691, 494 S.E.2d 530 (1997).  Said affidavit is to comprise the entirety of the evidence setting forth circumstances which, if true, give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment, and warranting recusal of the trial judge, USCR 25.2.  A document which the Movant seeks to serve as an affidavit cannot be properly regarded as such "where it appears that no oath was in fact administered to the one whose name is subscribed to a [document] which purports to be his affidavit, or that he signed it without consciously assuming the obligation of an oath," Cone v. Sing Motor Implement, 96 Ga. App. 389, 391, 100 S.E.2d 154, 156 (1957) (internal citations omitted).

Movant has attached documents with the instant Motion, one of which he seeks to serve as an affidavit and is titled "Affidavit In Support Of Motion For Recusal Of the Honorable Judge Kell" and one which seeks to serve as a verification and is titled "Verification." However, both documents which both fail to serve their self-styled purpose.  The purported affidavit is absent of any indication that same is proffered pursuant to oath.

The document appearing in the record maintained by the Clerk of Superior Court entitled Verification, although not presented to the trial court judge, does contain the indicia of oath, yet also fails to meet the requirements under the applicable law.  Georgia case law implies that certain forms of verification may fulfill  the affidavit requirement, see e.g., Thomason v.

EXHIBIT O

EX HIBIT O

State, 281 Ga. 429, 637 S.E.2d 639, (2006) (a motion for recusal which is neither *verified nor accompanied with required affidavits* and was thus deficient, warranting denial of such motion)(emphasis added).  However, the verification included only indicates that the Movant states that the information in the foregoing Petition is true and correct to the best of his knowledge and has been duly sworn before an officer authorized to administer oaths.  Under Georgia law, such documents that are based only upon "the best of the knowledge and belief" of affiant are generally not sufficient to warrant recusal of a judge.  Smith v. Adamson, 226 Ga. App. 698, 487 S.E.2d 386 (1997); See also, State v. Fleming, 245 Ga. 700, 702; 267 S.E.2d 207, 209 (1980)(the simple filing of an affidavit does not automatically disqualify a judge)(internal citations omitted).  As a result, the instant Motion is deficient as to the affidavit requirement of USCR 25 et seq.

### III.   DETERMINATION AS TO WHETHER RECUSAL WOULD BE WARRANTED IF ANY OF THE ALLEGATIONS IN THE AFFIDAVIT ARE TRUE

Finally, the Motion fails on the third prong of the test set out in Uniform Superior Court Rule ("USCR") 25.3.  Under this test, further inquiry into recusal of a judge is warranted if, assuming truth of facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists.  Stevens v. Wakefield,160 Ga. App. 353, 287 S.E.2d 49 (1981), judgment rev'd on other grounds, 249 Ga. 254, 290 S.E.2d 58 (1982)("The test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists.") Thus, the judge's duty will be "limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." State v. Fleming, 245 Ga. 700, 702, 267 S.E.2d 207, 209 (1980) (internal citations omitted).  Among grounds for recusal presented which can be considered as timely presented, Defendant claims that "strong inferences can be drawn" that the Court has violated certain

EXHIBIT O

*EXHIBIT O*

Cannons of the Judicial Code and Rules, as well as a deprivation of equal protection under the law by issuing an Order based upon "False Allegations of [Plaintiff's Counsel]" and unspecified "clear errors of law."

The Court applies its analysis on the third prong of the test to determine if disqualification is proper to the document titled "Affidavit In Support Of Motion For Recusal Of the Honorable Judge Kell." Without argument, Movant initially raises the scheduling of a compliance hearing on February 4, 2008, which was not conducted in light of Movant's absence, and his receipt of said notice on February 6, 2008, yet does not attribute any grounds for recusal to this issue, per se. This allegation in and of itself does not constitute grounds for recusal.

As to actual argument presented on the only timely-noticed matter before the Court, Movant raises language in an Order also issued on February 4, 2008, nunc pro tunc to the date of the hearing, which was prepared and presented electronically by counsel to Movant's opposition in the underlying matter pursuant to the Court's direction, and memorializes a verbal order of the Court directed at a January 7, 2008, for which Movant was admittedly present. Movant takes issue with the inclusion of the language:

> "Failure to clear debts regarding the Concord Ridge Property by said date [a deadline set by the Court for Petitioner's compliance with Court order on a motion for contempt citation against Petitioner, sitting as Defendant in the underlying matter] will result in incarceration by the Sheriff of Cobb County without further Order of the Court and such incarceration will continue until Defendant purges himself of his contempt by bringing the mortgage, taxes and insurance on the property current by showing the Sheriff said property is no longer in arrears."

As his entire argument for recusal on this matter, Movant argues that "It is clear to me that Judge Kell abused his discretion to protect Attorney Melvin Drukman" and that "I suppose that after I am arrested the Honorable Judge Kell will deny my Motion For New Trial;" both which constitute statements of opinion and bare conclusion. Allegations to a recusal motion which

*EXHIBIT O*

EXHIBIT O

consists of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings, USCR 25.2, thus the Motion fails as it regards these two issues. Similarly, the Motion fails as to all issues that were not timely presented, including opinion as to the veracity of alleged statements of counsel to the Movant's opposing party in the underlying suit, and argument on statements by the Court directing Movant to provide an explanation for why he should not be incarcerated upon a finding of contempt and the Court's statement to Movant to refrain from asserting that other litigants were lying without proof. See also, Butts v. State, 149 Ga. App. 492, 494-495; 254 S.E.2d 719, 721 (1979)(an attorney is an "officer[] of the court, and a statement to the court in his place is prima facie true and needs no further verification unless the same is required by the court or the oppos(ite) party.")(internal citations omitted).

Movant also argues that the Order fails to include requested Findings of Fact and Conclusions of Law as requested by Movant. There is no support found or presented for the proposition that the failure to include such findings of fact and conclusions of law, in the absence of waiver, would warrant recusal by the trial court judge. Furthermore, a cursory review of the Order in question, to determine the basis of Movant's allegation shows that both findings of fact and conclusions of law were indeed included, albeit not delineated under such headings. If true the allegation would not warrant recusal. The instant Motion thus fails as it regards this issue.

Movant, as a contemnor following the January 7, 2008 hearing on the issue of his contempt of prior Court order, also alleges as grounds for recusal that the Court failed to address his request for supersedeas in connection with a supposed appeal of the matter. While Movant correctly notes the Court's duty upon proper submission of an application and written notice indicating intention to seek appeal, Movant fails to state when or if such application and

EXHIBIT O

*EXHIBIT O*

notice were timely and properly submitted. Therefore, the instant allegation, even if true would not warrant recusal.

CONCLUSION

It is as much the duty of judge sitting in determination of a Motion To Recuse "not to grant the motion when the motion is legally insufficient as it is to recuse when the motion is meritorious." State v. Fleming, 245 Ga. 700, 702, 267 S.E.2d 207, 209 (1980) (internal citations omitted). The Court determines that the Movant has not properly executed any affidavit which clearly states the facts and reasons for the belief that bias or prejudice exists, and that the Motion is only timely with regards to any grounds which cite an Order issued February 4, 2008. Furthermore and upon review of Movant's allegations, the Court determines that even within his unsworn allegations, Movant has not provided legally sufficient grounds for recusal, and further that Movant has not shown good cause for his failure to comply with the filing requirements. As the motion for recusal fails to warrant further inquiry based on the above-stated grounds, the Court denies the instant Motion.

SO ORDERED, this ___11TH___ day of March, 2008.

C. LaTain Kell, Judge
Superior Court of Cobb County
Cobb Judicial Circuit

*EXHIBIT O*

EXHIBIT P



# JUDICIAL QUALIFICATIONS COMMISSION
## STATE OF GEORGIA

April 8, 2008

**Confidential - To Be Opened**
**By Addressee Only**

Mr. Jason F. McGee
2152 Caneridge Drive
Marietta, GA  30064

Dear Mr. McGee:

This will acknowledge receipt of your complaint wherein you allege judicial misconduct on the part of Judge Carlton LaTain Kell.

A careful review of all your materials fails to reveal any evidence of conduct constituting a violation of the Code of Judicial Conduct.  This Commission cannot revise, reverse or modify a judge's decision.  Nor can it compel a judge to take any particular action regarding a matter before the Court.

For these reasons, your complaint does not come within the jurisdiction of the Commission and cannot be entertained at this time.

Your materials are returned herewith.

Yours very truly,

Cheryl F. Custer
Director

CFC:lrm

Enclosures

EXHIBIT P

8206 HAZELBRAND ROAD, SUITE C · COVINGTON, GEORGIA 30014
TELEPHONE (770) 784-3189 · FAX (770) 784-2454

Filed In Office May-06-2009 15:39:06
ID# 2009-0069332-CV
Page 1

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY BOARD OF
EDUCATION,

      Appellant,

v.

LAWRENCE W. BYNUM,

      Appellee.

CIVIL ACTION FILE NO.
09-1-3023-49

## SUA SPONTE MOTION CONCERNING RECUSAL

COMES NOW the Court on its own motion and hereby refers this matter,

pursuant to Uniform Superior Court Rule 25 and Cannons 2 and 3 of the Code of

Judicial Conduct, to the appropriate judge of this Court for determination as to whether

recusal of the trial judge in this matter is appropriate. This Court has the highest regard

for the Cannons of Ethics for all judicial officers. The Preamble to the Judicial Code of

Conduct summarizes the duty of a trial judge as follows:

> Our legal system is based on the principle that an independent, fair
> and competent judiciary will interpret and apply the laws that govern us.
> The role of the judiciary is central to American concepts of justice and the
> rule of law. Intrinsic to all sections of this Code are the precepts that
> judges, individually and collectively, must respect and honor the judicial
> office as a public trust and strive to enhance and maintain confidence in
> our legal system.

With these concepts in mind, the court reviews its duty with respect to this case, as

randomly assigned to this trial judge, as follows:

EXHIBIT Q

The Court is mindful of the admonition for all jurists to avoid not only any actual impropriety but even the appearance of impropriety in the conduct of judicial proceedings.  Likewise, this Court is ever mindful of its duty to instill in the public the confidence in the judiciary necessary to perpetuate in the minds of the public every confidence in that judiciary and in the judicial system as a whole.  With each of these ideas in mind, though the Court believes that all the parties in this case are well aware of these facts, the Court takes this opportunity to set forth the following facts in the interest of full and fair disclosure.

No party has moved for the Court to recuse in this matter, and the Court has reviewed the statutory grounds for disqualification and does not find any of those statutory grounds found in O.C.G.A. § 15-1-8 to be applicable to this case.  Nonetheless, mindful of Superior Court Rule 25 and Cannons 2 and 3 of the Code of Judicial Conduct, the following facts are relevant to a consideration of recusal.

Prior to being sworn to his current position, the trial judge assigned to this matter was a shareholder at the law firm Brock, Clay, Calhoun & Rogers, P.C. ("Brock Clay").  Since his swearing in on December 10, 2007, a period of almost 18 months, the trial judge has not been affiliated with that law firm.  While at the Brock Clay law firm, the trial judge frequently represented the Cobb County Board of Education and its individual employees in litigation matters in the state and federal courts.  The trial court judge never practiced in the area of employment law during that time.  The judge has had no involvement whatsoever, to his knowledge, with the Appellee, Lawrence W. Bynum.  The trial judge never had any involvement whatsoever in the underlying

*EXHIBIT Q*

administrative issues giving rise to the instant appeal. In fact, though the Court has only some general idea of the substance of the underlying matter, the Court believes that these actions all took place after the trial judge's departure from Brock Clay.

In addition to having represented a number of individuals from the Cobb County school district, as well as its board of education, in the interest of full disclosure, the trial judge notes that both of his parents were long-time educators in the Cobb County school district and were administrators in the district as well. The trial judge's father retired in 1994, and passed away in 1995. His mother, the former principal at Dickerson Middle School and Hightower Trial Middle School, retired in 2002.

The members of the board of education have changed significantly since the time in which the trial judge represented the board of education, but he does know the current board members, the superintendent and some of the administrative staff in the central office of the board of education, both through his representation of the school district and from his parents' association with that district.

While none of the parties has moved for recusal of the trial judge from this case, the trial judge believes that it is of utmost importance that any hint of impropriety or partiality with respect to the judicial officer who hears the case should be dealt with in the most expeditious and fair manner possible. For this reason, pursuant to the procedure set forth in Superior Court Rule 25, the Court hereby submits this matter for consideration by an impartial judge to be determined in the manner set forth in Uniform Superior Court Rule 25.4. That judicial officer should make a determination as required by the Superior Court Rules as to whether the interests of justice would be best

EXHIBIT Q

served by this case remaining with the trial judge or being heard by another jurist. The

Court has no interest in or prejudice for or against any party or in the outcome of this

matter in any fashion.

SO ORDERED this 6 TH day of May, 2009.

C. LaTain Kell, Sr., Judge
Superior Court of Cobb County
Cobb Judicial Circuit

EXHIBIT Q

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing order (Civil Action File No. 00-1-3023-49) upon all parties by sending a true and correct copy through the Cobb County Mail System addressed to the following:

D. Glenn Brock, Esq.
Brock, Clay, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, GA 30060-1977

Warren Fortson, Esq.
123 Tuxedo Terrace, N.W.
Atlanta, GA 30342

This 6th day of May, 2009.

Natalie C. Bloodworth
for C. LaTain Kell, Judge
Superior Court of Cobb County
Cobb Judicial Circuit

EXHIBIT Q

EXHIBIT R

Filed In Office May-12-2009 11:31:01
ID# 2009-0072014-CV
Page 1

*Jay C. Stephenson*

Jay C. Stephenson
Clerk of Superior Court Cobb County

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

COBB COUNTY BOARD OF     :
EDUCATION     :
    :
      **APPELLANT**     :
    :         **CIVIL ACTION FILE NO.**
      **v.**     :
    :         **09-1-3023-49**
LAWRENCE W. BYNUM     :
    :
      **APPELLEE**     :

### RESPONSE TO SUA SPONTE MOTION CONCERNING RECUSAL

NOW COMES Appellee, LAWRENCE W. BYNUM, in response to the Court's Motion Concerning Recusal and says:

1.

APPELLEE appreciates the Court's concern and the reasons for Rule 25 and Cannons 2 and 3 of the Code of Judicial Conduct; however, Appellee's undersigned Attorney has practiced before the Bar for 54 years and has never asked that a sitting judge recuse himself or herself, and he sees no reason to do so in this case.

2.

While the undersigned does not personally know the sitting judge, he knows that his reputation as a man and an attorney is impeccable and he would be incapable of dishonoring his name by any hint of impropriety or partiality with respect to any matter that should come before him in his judicial capacity.

EXHIBIT R

**3.**

It is the further opinion of the undersigned that the Court's background and knowledge in the area of the law applicable to the issues to be presented to him for his determination makes him particularly suited to preside in this civil action.

Respectfully,

Warren C. Fortson, 270200,
Attorney for Appellee,
Lawrence W. Bynum

123 Tuxedo Terrace NW
Atlanta, GA 30342
404-264-0523
Fax: 404-233-0039

EXHIBIT R

EXHIBIT R

ID# 2009-0072014-CV
Page 3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this response on the Court and Counsel

for the Appellant by United States Mail to:

> Ms. Natalie C. Bloodworth, for
> Hon. C. LaTain Kell, Judge
> Cobb Superior Court
> Cobb Judicial Circuit
> 30 Waddell Street
> Marietta, GA 30090-9642
>
> D. Glenn Brock, Esq.
> Brock, Clay, Calhoun & Rogers, LLC
> 49 Atlanta Street
> Marietta, GA 30060-1977

This 11th day of May, 2009

Warren C. Fortson, 270200
Attorney for Appellee,
Lawrence W. Bynum

123 Tuxedo Terrace NW
Atlanta, GA 30342
404-264-0523
Fax: 404-233-0039

EXHIBIT R

3