FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 9 2009

JAMES N. HATTEN, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON F. MCGEE,
PLAINTIFF,

v.

THE HONORABLE CARLTON L. KELL,    Case No. 1:09-CV-1338-TWT
SUPERIOR COURT JUDGE,
COBB COUNTY GEORGIA, in his
Individual Capacity
DEFENDANT.

## MOTION FOR NEW TRIAL

Plaintiff, Jason F. McGee, files a **MOTION FOR NEW TRIAL** for the

**ORDER** docketed in **Case No. 1:09-CV-1338-TWT** filed **IN THE UNITED**

**STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

**GEORGIA ATLANTA DIVISION** on September 4, 2009, pursuant to Federal

Rules of Civil Procedure 59(e) on the following grounds:

1. The allegation "This is a pro se prisoner civil rights action against a Cobb

County Superior Court Judge." is Misleading.

2. The allegation "This is a pro se prisoner civil rights action against a Cobb

County Superior Court Judge." is Inaccurate.

3. The allegation "This action is an impermissible collateral attack upon Judge

Kell's decisions in the Plaintiff's divorce and child support proceedings." is not

supported by any Facts in the **ORDER** docketed in **Case No. 1:09-CV-1338-TWT**

filed **IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION** on September 4, 2009.

4. The allegation "This action is an impermissible collateral attack upon Judge Kell's decisions in the Plaintiff's divorce and child support proceedings." is not supported by any Conclusions of Law in the **ORDER** docketed in **Case No. 1:09-CV-1338-TWT** filed **IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION** on September 4, 2009.

5. The **ORDER OF INCARCERATION** filed on March 25, 2009, in The Superior Court of Cobb County Georgia, in **CIVIL ACTION FILE NO. 08-1-10450-49** is:

A. A violation of the Plaintiff's due process rights. Zinermon v. Burch, 494 U.S. 113, 124 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)).

B. A "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken `under color of' state law." as stated by the United States Supreme Court in United States v. Classic, 313 U.S. 299, 326 (1941).

C. Addressed by the United States Supreme Court in Parratt v. Taylor, 451

U.S. 527, 534-535 (1981):

[i]t is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies." Id., at 180.

D. void ab initio." Maseda v. Honda Motor, 861 F.2d at 1254-55 (citing

Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882)). See also

Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1239 (9th

Cir. 1994); Moore v. Interstate Fire Insurance, 717 F.Supp.1193 (S.D.

Miss 1989); South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir.

1971); United States v. Silberglitt, 441 F.2d 225, 227 (2d Cir. 1971);

Lowe v. Jacobs, 243 F.2d 432, 433 (5th Cir. 1957).

5. The **ORDER** docketed in **Case No. 1:09-CV-1338-TWT** filed **IN THE**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT**

**OF GEORGIA ATLANTA DIVISION** on September 4, 2009 alleging "The

Court lacks subject matter jurisdiction under the Feldman-Rooker doctrine." does

not:

A. Provide any Conclusions of Law to prove that the Court is not relying

upon an Incorrect Legal Theory that was clarified by the United States

Supreme Court in Exxon Mobil Corp. v. Saudi Basic Industries Corp.,

544 U.S. 280 (2005).

B.  Provide any Conclusions of Law to support the dismissal of the

Plaintiff's **COMPLAINT FOR DECLARATORY JUDGMENT AND**

**OTHER RELIEF AND AN INDEPENDENT ACTION IN EQUITY**

By addressing the Precedent supplied The United States Supreme Court

in:

1.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2.  Parratt v. Taylor 451 U.S. 527, 527 (1981).

3.  Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490,

2492 n. 2, 53 L.Ed.2d 557 (1977).

4.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

5.  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2

L.Ed.2d  80 (1957); Tiftarea Shopper, Inc. v. Georgia Shopper, Inc.,

786 F.2d 1115, 1117-18 (11th Cir.1986) (quoting Conley),

Id. (quotation marks omitted) Brooks v. Blue Cross and Blue Shield

of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

C.  Provide any Conclusions of Law to support the Court's dismissal of the

Plaintiff's **COMPLAINT FOR DECLARATORY JUDGMENT AND**

**OTHER RELIEF AND AN INDEPENDENT ACTION IN EQUITY**

addressing the Precedent supplied **IN THE UNITED STATES COURT**

**OF APPEALS FOR THE ELEVENTH CIRCUIT** in:

1. <u>Mills v. Foremost Ins. Co.</u>, 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting <u>Castro v. Sec'y of Homeland Sec.</u>, 472 F.3d 1334, 1336 (11th Cir. 2006)).

2. <u>Fin. Sec. Assur., Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 557, 559).

3. <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006).

4. <u>Glover v. Liggett Group</u>, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).

5. <u>GROSSMAN v. NATIONSBANK</u>, 225 F.3d 1228, 1231-1232 (11th Cir. 2000).

6. <u>Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.</u>, 208 F.3d 1308, 1310 (11th Cir. 2000).

7. <u>Brooks v. BlueCross and Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1368 (11th Cir. 1997).

8. <u>Garcia v. Copenhaver, Bell & Assocs.</u>, 104 F.3d 1256, 1261 (11th Cir. 1997).

9. <u>McKinney v. Pate</u>, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quoting <u>Palko v. Connecticut</u>, 302 U.S. 319, 325 (1937)).

10. <u>GSW, Inc. v. Long County</u>, 999 F. 2d 1508, 1510 (11th Cir. 1993).

11. <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (quotation and alteration omitted).

12. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.1980), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)).

13. Simanonok v. Simanonok, 787 F.2d 1517, 1519 (11th Cir.1986)

14. Emory v. Peeler, 756 F.2d 1547, 1550 (1985)

15. Milburn v. United States, 734 F.2d 762, 765 (11th Cir.1984).

16. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

17. Tucker v. National Linen Service Corp., 200 F.2d 858, 864 (5th Cir. 1953).

6. Plaintiff's **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF AND AN INDEPENDENT ACTION IN EQUITY** docketed in **Case No. 1:09-CV-1338-TWT** clearly show Plaintiff alleged a threatened injury resulting from the putatively illegal actions by Judge Kell.  Linda R. S. v. Richard D., 410 U.S. 614, 617 (1973).  TITLE 18, U.S.C., SECTION 242.

7. Plaintiff's **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF AND AN INDEPENDENT ACTION IN EQUITY** docketed in **Case No. 1:09-CV-1338-TWT** clearly show Plaintiff alleged an actual injury

resulting from the putatively illegal actions by Judge Kell. <u>Linda R. S. v. Richard</u>
<u>D.</u>, 410 U.S. 614, 617 (1973). TITLE 18, U.S.C., SECTION 242.

    8. The **<u>ORDER</u>** docketed in **Case No. <u>1:09-CV-1338-TWT</u>** filed **IN THE**
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT**
**OF GEORGIA ATLANTA DIVISION** on September 4, 2009:

    A. Cannot deny the prima facie evidence that Judge Kell had a good reason
to find the Plaintiff in Contempt of Court after the Plaintiff filed a
Complaint against him with the Judicial Qualifications Commission.

    B. Cannot deny the prima facie evidence that Judge Kell's actions clearly
contradicted his written words.

    C. Provides No Conclusions of Law to support the denial of "Plaintiff's
Plaintiff's Motion for Mandatory Judicial Notice [Doc. 6]".

Plaintiff moves this Honorable Court for an **<u>ORDER</u>**:

    a. Clearly stating the Legal Conclusions of Law supporting the **<u>ORDER</u>**
docketed in **Case No. <u>1:09-CV-1338-TWT</u>** filed **IN THE UNITED STATES**
**DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION** on September 4, 2009.

    b. Vacating the **<u>ORDER</u>** docketed in **Case No. <u>1:09-CV-1338-TWT</u>** filed **IN**
**THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**
**DISTRICT OF GEORGIA ATLANTA DIVISION** on September 4, 2009.

Respectfully Submitted,

Dated:  September 9, 2009

Jason F. McGee, Pro Se
290 Christopher Drive
Hiram, GA  30141
678 662-3905 Cell
419 828-6421  Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 9 2009

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

JASON F. MCGEE,
PLAINTIFF,

v.

THE HONORABLE CARLTON L. KELL,
SUPERIOR COURT JUDGE,
COBB COUNTY GEORGIA, in his
Individual Capacity
DEFENDANT.

Case No. 1:09-CV-1338-TWT

## VERIFICATION

Personally appeared before me the undersigned officer duly authorized to administer oaths, Jason F. McGee, who, after being duly sworn, states that the information contained in the foregoing Petitions are true and correct to the best of his knowledge.

Jason F. McGee

Sworn to and subscribed

before me this 8th day

of September 2009.

Notary Public

SUSAN C VONNER
NOTARY PUBLIC
PAULDING COUNTY
STATE OF GEORGIA
My Commission Expires October 5, 2012

My commission expires: _____

3

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 9 2009

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON F. MCGEE,
PLAINTIFF,                           |
                                     |
v.                                   |
                                     |
THE HONORABLE CARLTON L. KELL,       |     Case No. 1:09-CV-1338-TWT
SUPERIOR COURT JUDGE,                |
COBB COUNTY GEORGIA, in his          |
Individual Capacity                  |
DEFENDANT.                           |

## CERTIFICATE OF SERVICE

This is to certify that I have, this day, served a true and correct copy of the

within and forgoing "**MOTION FOR NEW TRIAL**" upon Defendants to this

action by mailing a copy of same in the United States mail with proper postage

attached thereon and addressed as follows:

HOLLY LOY SMITH
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300


Jason F. McGee

Dated:  September 9, 2009