IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON F. MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| ) | 1:09-CV-1338 |
| v. ) | |
| ) | |
| THE HONORABLE CARLTON ) | |
| L. KELL, in his individual ) | |
| capacity, ) | |
| ) | |
| Defendant. ) | |

_____

**DEFENDANT THE HONORABLE CARLTON L. KELL'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
NEW TRIAL**

COMES NOW Defendant the Honorable Carlton L. Kell, by special appearance and without submitting to the jurisdiction of the Court, by and through the Attorney General of the State of Georgia, and respectfully files this his Response in Opposition to Plaintiff's Motion for New Trial (R-10), which, for purposes of this Response, Defendant will treat as a Motion for Reconsideration.

**I.   OVERVIEW OF THE CASE**

Plaintiff, who is *pro se*, filed the instant suit on May 19, 2009, entitled "Complaint for Declaratory Judgment and other Relief and an Independent

1

Action in Equity" (hereinafter, "Complaint") against The Honorable Carlton L. Kell of the Cobb County Superior Court (hereinafter, "Judge Kell") alleging due process violations and seeking various declaratory, injunctive and equitable relief.  Specifically, Plaintiff asks this Court to declare as void certain contempt orders entered by Judge Kell in Plaintiff's ongoing custody and child support dispute before the Cobb County Superior Court.[1]
On June 15, 2009, Defendant submitted to this Court his Motion to Dismiss by Special Appearance.  (R-3).  Defendant requested this Court dismiss this action based upon the grounds that Plaintiff failed to state a claim upon which relief may be granted, the Plaintiff lacked standing, Defendant was entitled to absolute judicial immunity, and this Court lacked jurisdiction over Plaintiff's claims pursuant to the doctrines of Rooker-Feldman and Younger v. Harris.  (*Id.*).

On September 3, 2009, the Court granted Defendant's Motion to Dismiss on the sole ground that the Court lacked jurisdiction under the Feldman-Rooker doctrine.  (R-8).  On that same date, this Court entered judgment in favor of Defendant.  (R-9).

---

[1]  Plaintiff previously came before this court attempting to seek relief from Judge Kell's order in his state divorce action, McGee v. Kell and Drukman, Civil Action No. 1:08-CV-1433.  That action was dismissed by this Court on October 20, 2008.  (Doc. 12). Plaintiff appealed to the Eleventh Circuit Court of Appeals, who affirmed the dismissal on June 8, 2009.  A copy of the Opinion of the Court of Appeals is attached hereto as Exhibit "A."

2

On September 9, 2009, Plaintiff, proceeding pro se, filed with the Court his "Motion for New Trial." (R-10). More aptly characterized a Motion for Reconsideration of the Court's September 3, 2009, Order, Plaintiff requests the Court enter an Order "Clearly stating the Legal Conclusions of Law supporting the Order" dismissing this action and/or "Vacating the Order" dismissing this action. (*Id.* at 7).

Defendant would argue that the Court's conclusion that it lacked jurisdiction under the Feldman-Rooker doctrine clearly states the legal conclusion upon which the Court's dismissal of Plaintiff's action was based, and no additional clarification is necessary. Defendant would further argue that Plaintiff has failed to set forth any facts or controlling law which would necessitate that this Court vacate its September 3, 2009 Order. Specifically, the Plaintiff has failed to articulate any authority which would permit this Court to exercise jurisdiction over a pending state court divorce and child support action.

**II.   This Court Correctly Concluded that it Lacks Subject Matter Jurisdiction Pursuant to the Rooker-Feldman Doctrine.**

As this Court correctly concluded, it lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). It is well established that

3

litigants may not obtain review of a state court's final orders or judgments by filing an action in federal district court. <u>Feldman</u>, 460 U.S. at 482 (1983). The Eleventh Circuit has reaffirmed the validity of the <u>Rooker-Feldman</u> doctrine in dismissing federal claims that are intertwined with state court claims. <u>Goodman v. Sipos</u>, 259 F.3d 1327 (11th Cir. 2001).

In this action, Plaintiff has asked the Court to declare the March 25, 2009, Order of Incarceration entered by Defendant based upon Plaintiff's failure to comply with the Court's Order of February 20, 2009 be declared void *in abnitio*. Plaintiff has not sought relief through the Georgia state court system, but rather attempted to bypass the State Courts in order to have Defendant's Order reviewed by this Court. This is the precise type of action that is outside the scope of federal review pursuant to the <u>Rooker-Feldman</u> doctrine.

The Court properly concluded it lacked jurisdiction over Plaintiff's claims and dismissed Plaintiff's action. Plaintiff has failed to set forth any authority which would require the Court to revisit or reconsider its decision. For this reason, Plaintiff's Motion for New Trial (which is more appropriately characterized as a Motion for Reconsideration) should be denied.

## III. CONCLUSION

For the above and foregoing reasons, Defendant respectfully requests this Court to deny Plaintiff's Motion, award all costs of this response to Defendant, and grant such other and further relief as this Court deems appropriate.

Respectfully submitted this 15th day of September, 2009.

|  |  |
|---|---|
| THURBERT E. BAKER | 033887 |
| Attorney General | |
| | |
| KATHLEEN M. PACIOUS | 558555 |
| Deputy Attorney General | |
| | |
| S/ Devon Orland _____ | |
| DEVON ORLAND | 401250 |
| Sr. Assistant Attorney General | |
| | |
| /s/ Holly Loy Smith_____ | |
| Holly Loy Smith | 036299 |
| Assistant Attorney General | |

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
HOLLY LOY SMITH
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 656-8850
Facsimile:   (404) 651-5304
Email: hsmith@gmail.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

                                    /s/ Holly Loy Smith_____
                                    Holly Loy Smith           036299
                                    Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
HOLLY LOY SMITH
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 656-8850
Facsimile:   (404) 651-5304
Email: hsmith@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have mailed by United State Postal Service the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL** to the following non-CM/ECF *pro se* Plaintiff:

Jason F. McGee
290 Christopher Drive
Hiram, Georgia 30141

This 15th day of September, 2009.

/s/ Holly Loy Smith_____
Holly Loy Smith              036299
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
HOLLY LOY SMITH
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 656-8850
Facsimile:   (404) 651-5304
Email: hsmith@gmail.com