Mar 22 07 04:35p    Melvin Drukman                                     404-325-9811              p.2

**EXHIBIT U**

Filed In Office Mar-23-2007 16:87:23
ID# 2007-0040267-CV
Page 1

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

DEBBIE D. MCGEE
Plaintiff

v.

JASON F. MCGEE
Defendant

CIVIL ACTION

File No. 05-1-5011

**RULE NISI**

The foregoing Motion to Resume Custody and Child Support having been read and considered, let the same be filed and a copy served upon the Defendant in the manner provided by law. Let the Defendant show cause before this Court, on the 4th day of April, 2007, at 9:30 o'clock A.M., in Courtroom E, at the courthouse in Cobb County, Georgia, as to why the prayers of the Plaintiff should not be granted.

This 23 day of March, 2007.

*Jay C. Stephenson*
~~Robert E. Flournoy, III, Judge~~ Clerk
Cobb County Superior Court
Cobb Judicial Circuit

**EXHIBIT U**

EXHIBIT V

Filed In Office Apr-05-2007 16:12:03
IDH 2007-0046007-CV
Page 1

Jay C. Stephenson
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JASON F. MCGEE, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 06-1-10115 |
| ) | |
| DEBBIE D. MCGEE, ) | |
| ) | |
| *Respondent.* ) | |

### FINAL ORDER ALLOWING RESPONDENT, DEBBIE D. MCGEE, TO RETAIN PRIMARY CUSTODY OF THE PARTIES' THREE MINOR CHILDREN

### AND

### FINAL ORDER HOLDING PETITIONER, JASON F. MCGEE, IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THE ORIGINAL FINAL DIVORCE DECREE

The within Petition for Change of Custody and Modification of Child Support and Counterclaim for Contempt having come on for a final hearing on April 4, 2007 before Judge Robert E. Flournoy, III, and Petitioner having appeared *pro se* and Respondent having been represented by Melvin Drukman, and after careful consideration of the entire record, all evidence submitted as by law provided, and the arguments of counsel, this Court makes the following findings of fact and conclusions of law:

1.

The Parties have three minor children: Tyree Reginald McGee, a twelve-year-old male child born August 8, 1994; Jadesha Lauren McGee, a ten-year-old female child born November 28, 1996; and Javarius Latrey McGee, a seven-year-old male child born September 29, 1999.

2.

On September 18, 2006, Respondent broke her ankle.

3.

On September 19, 2006, Respondent requested that Petitioner temporarily take possession of the minor children and care for them, as she was incapacitated because of her ankle.

EXHIBIT V

1

EXHIBIT V

ID# 2007-0046007-CV
Page 2

4.

Between September 19, 2006 and December 25, 2006, Petitioner permitted Respondent to see the minor children on only one or two occasions. After December 25, 2006, Petitioner did not allow Respondent to see the minor children.

5.

Petitioner owes no child support to Respondent for the period of time between September 19, 2006 and April 5, 2007, as Petitioner was in possession of the minor children during that time.

6.

Petitioner failed to pay the full amount of child support for August 2006 and September 2006 as ordered in the original Final Judgment and Decree of Divorce filed on July 19, 2006 in Civil Action File Number 05-1-5011-40 in the Superior Court of Cobb County in the State of Georgia (hereinafter "the original Divorce Decree"). Further, Petitioner has failed to pay certain medical bills as ordered in the original Divorce Decree.

7.

The total amount of Petitioner's arrearages for child support and medical bills as set forth in paragraph 6 is $3,447.17 (hereinafter "the purge amount").

8.

The purge amount is owed instanter to Respondent. Petitioner shall have until Friday, April 13, 2007 at 5:00PM to pay the purge amount to the Cobb County Child Support Receiver located in the Superior Court Atrium, Superior Court Building North, Marietta, Cobb County, Georgia, 30090.

9.

If Petitioner does not pay the purge amount to the Cobb County Child Support Receiver by April 13, 2007 at 5:00PM, then Petitioner shall be in contempt of this Court, and the Cobb County Child Support Receiver shall notify the Sheriff of Cobb County, Georgia of Petitioner's failure to pay the purge amount.

10.

Upon Petitioner's failure to pay the purge amount as provided above in paragraph 6, the Sheriff of Cobb County, Georgia (or his lawful deputies) and all Sheriffs of the State of Georgia (or their lawful deputies) shall seize and arrest Petitioner and shall

EXHIBIT V

2

incarcerate Petitioner in the Cobb County Adult Detention Center until such time as Petitioner purges himself of said contempt by the payment of the purge amount, or until further Order of this Court.

11.

Upon Petitioner's payment of the purge amount:

1) If Petitioner is in custody, the Sheriff of Cobb County shall release Petitioner from custody and shall remit instanter the purge amount to the Cobb County Child Support Receiver.

2) The Cobb County Child Support Receiver shall disburse instanter the purge amount to Respondent's attorney, Melvin Drukman, at 1756 Century Boulevard, Suite B, Atlanta, Georgia, 30345, without further Order of this Court.

12.

Petitioner's child support obligation is reinstated instanter. Petitioner shall pay to Respondent the sum of **$1,575.00** each month as child support, and that sum shall be paid to Respondent in semi-monthly installments of **$787.50**. The first installment of $787.50 is due April 6, 2007 and the second installment of $787.50 is due April 15, 2007; thereafter, the first installment of $787.50 shall be due on the 1st day of the month and the second installment of $787.50 shall be due on the 15th day of the month.

13.

The fact that Petitioner did not allow Respondent to see the three minor children, or have the children spend the night with Respondent, from Christmas 2006 until April 4, 2007, was damaging to the children, not in their best interests, and indicates to this Court that Petitioner does not have the maturity or responsibility to have primary physical custody of the children.

14.

It is in the best interests of the three minor children that primary physical custody remain with Respondent. Respondent is the parent who, at this point in time, is best able to provide for said minor children's physical, mental, emotional, school, and general welfare.

15.

Custody of the three minor children remains with Respondent, and Respondent shall have primary physical custody of said minor children pursuant to the original Divorce Decree.

EXHIBIT V

3

IDH 2007-0046007-CV
Page 4

**16.**

Petitioner shall deliver the minor children's clothing, medical records, and other belongings to Respondent on April 5, 2007 at 7:30PM at the Taco Bell restaurant where the children are exchanged for visitation under the original Divorce Decree.

**17.**

Petitioner shall have the same visitation rights as set forth in the original Divorce Decree, and the exchange of the children for visitation shall be as provided for in the original Divorce Decree.

**18.**

The parties shall communicate by phone. During their phone calls, the parties shall refrain from any abusive, maltreating, or vilifying behavior and shall treat each other with courtesy and respect.

**19.**

It would be harmful and detrimental to the minor children, and not in their best interests, for the children to change schools at this time. The three minor children shall complete this academic year at the schools they currently attend—Dowell Elementary School and Lovinggood Middle School. For purposes of school registration and attendance, the children's domicile shall be Petitioner's residence.

**20.**

Personnel at Dowell Elementary School and Lovinggood Middle school are authorized and instructed to discuss fully and freely the children's school records, report cards, and other information without limitation with the Parties.

**SO ORDERED April 5, 2007.**

_____
Judge Robert E. Flournoy, III
Superior Court of Cobb County
Cobb Judicial Circuit

EXHIBIT V

EXHIBIT V

ID# 2007-0046007-CV
Page 5

## CERTIFICATE OF SERVICE

I certify that I have served an Order in the above-styled case via United States mail to the persons listed below:

**Melvin Drukman**
1756 Century Blvd – Suite B
Atlanta, GA 30345

**Jason F. McGee**
2152 Caneridge Dr SW
Marietta, GA 30126

Certified 4/5/2007

Matt Freedman
Staff Attorney to
Judge Robert E. Flournoy, III

EXHIBIT V

EXHIBIT W

Filed In Office Apr-05-2007 16:15:23
ID# 2007-0046014-CV
Page 1

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

Jay C. Stephenson
Clerk of Superior Court Cobb County

| | |
|---|---|
| JASON F. MCGEE, | ) |
| *Petitioner,* | ) |
| | ) CIVIL ACTION FILE NO. |
| v. | ) 06-1-7409-40 |
| DEBBIE D. MCGEE, | ) |
| *Respondent.* | ) |

### FINAL ORDER REINSTATING CHILD SUPPORT

The within Petition for Modification of Child Support having come on for a final hearing on April 4, 2007 before Judge Robert E. Flournoy, III, and Petitioner having appeared *pro se* and Respondent having been represented by Melvin Drukman, and after careful consideration of the entire record, all evidence submitted as by law provided, and the arguments of counsel, it is hereby **ORDERED**:

1) Petitioner's child support obligation, as ordered in the original Final Judgment and Decree of Divorce filed on July 19, 2006 in Civil Action File Number 05-1-5011-40 in the Superior Court of Cobb County in the State of Georgia (and as restated below) is reinstated *instanter*.

2) Petitioner shall pay to Respondent the sum of **$1,575.00** each month as child support, and that sum shall be paid to Respondent in semi-monthly installments of **$787.50**. The first installment of $787.50 is due April 6, 2007 and the second installment of $787.50 is due April 15, 2007; thereafter, the first installment of $787.50 shall be due on the 1st day of the month and the second installment of $787.50 shall be due on the 15th day of the month.

**SO ORDERED April 5, 2007.**

Judge Robert E. Flournoy, III
Superior Court of Cobb County
Cobb Judicial Circuit

EXHIBIT W

*EXHIBIT W*

## CERTIFICATE OF SERVICE

I certify that I have served an Order in the above-styled case via United States mail to the persons listed below:

**Melvin Drukman**
1756 Century Blvd – Suite B
Atlanta, GA 30345

**Jason F. McGee**
2152 Caneridge Dr SW
Marietta, GA 30126

Certified  4/5/07

_____
Matt Freedman
Staff Attorney to
Judge Robert E. Flournoy, III

*EXHIBIT W*

EXHIBIT X

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JASON F. MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 06-1-10115-49 |
| | ) | |
| DEBBIE D. MCGEE | ) | |
| | ) | |
| Defendant, | ) | |

### MOTION FOR NEW TRIAL

Petitioner, Jason F. McGee, moves this Honorable Court to set aside its **ORDER** signed on December 27, 2007 and entered on the docket on January 2, 2008, and to grant a new trial on the following grounds:

1) The ORDER is contrary to law.

2) The ORDER is contrary to the evidence.

3) The ORDER is strongly against the weight of the evidence.

Dated: January 4, 2008

_Jason F. McGee_
Jason F. McGee, Pro Se

EXHIBIT X



EXHIBIT Y

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DEBBIE D. MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. <u>07-1-09310-49</u> |
| | ) | |
| JASON F. MCGEE | ) | |
| | ) | |
| Defendant, | ) | |

### MOTION FOR NEW TRIAL

Petitioner, Jason F. McGee, moves this Honorable Court to set aside its **ORDER** signed on <u>December 27, 2007</u> and entered on the docket on <u>January 2, 2008</u>, and to grant a new trial on the following grounds:

1) The ORDER is contrary to law.

2) The ORDER is contrary to the evidence.

3) The ORDER is strongly against the weight of the evidence.

Dated: <u>January 4, 2008</u>

*/s/ Jason F. McGee*
Jason F. McGee, Pro Se

Filed In Office Jan-04-2008 16:25:59
ID# 2008-0001678-CV
Page 1
Jay C. Stephenson
Clerk of Superior Court Cobb County

EXHIBIT Y

EXHIBIT 2

Filed In Office Jan-07-2008 09:00:46
ID# 2008-0001737-CV
Page 1

Jay C. Stephenson
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DEBBIE D. MCGEE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO. 07-1-09310-49 |
| ) | |
| JASON F. MCGEE ) | |
| ) | |
| Defendant, ) | |

## NOTICE OF APPEAL

Notice is hereby given that <u>Jason F. McGee</u> Defendant in the above matter hereby appeals to the Court of Appeals of Georgia from the <u>ORDER</u> of the trial court entered on the 2nd day of <u>January, 2008</u>.

The clerk shall omit nothing from the record on appeal.

A transcript of evidence and proceedings will be filed for inclusion in the record on appeal.

The Court of Appeals, rather than the Supreme Court, has jurisdiction of this appeal because the issue involved is <u>Contempt</u> and appeals of such cases are not reserved to the Supreme Court of Georgia pursuant to Article VI, Section VI, Paragraphs II and III of the Constitution of the State of Georgia.

Respectfully submitted,

_____
Pro Se

Name:    Jason F. McGee
Address: <u>2152 Caneridge Drive SW</u>
<u>Marietta, GA  30064</u>
Phone Number: <u>(678) 662-3905</u>

EXHIBIT 2

EXHIBIT 1

U.S. Department of Justice

Civil Rights Division

---

MJK:sdh:rs
DJ 144-19-0

*Criminal Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

Mr. Jason F. McGee
290 Christopher Drive
Hiram, GA 30141

AUG 25 2009

Dear Mr. McGee:

This is in response to your letter post marked August 8, 2009, in which you allege that Superior Court Judge Carlton Kell erred when he issued rulings that favored the opposing party or parties during your recent civil proceedings.

The Criminal Section of the Civil Rights Division is responsible for enforcing federal criminal civil rights statutes. Much of our enforcement activity relates to the investigation and prosecution of deprivations of civil rights under color of law. These matters generally involve allegations of excessive physical force or sexual abuse by law enforcement officers.

We have carefully reviewed the information which you furnished. However, we have determined that your complaint does not involve a prosecutable violation of federal criminal civil rights statutes. Accordingly, we are unable to assist you.

You may wish to contact the nearest legal aid program or the local bar association to determine whether they may be able to assist you.

Sincerely,

Mark J. Kappelhoff
Section Chief
Criminal Section
Civil Rights Division

By:

Steven Harrell
Paralegal Specialist
Criminal Section

EXHIBIT 1

EXHIBIT 2

IN THE SUPERIOR COURT
FOR THE COUNTY OF COBB, STATE OF GEORGIA

| | |
|---|---|
| JASON F MCGEE | CIVIL ACTION NO.   06110115-49 |
| VS | TYPE ACTION   CUSTODY |
| DEBBIE D MCGEE | FILING DATE   12/11/2006 |

The above styled case will be called in open court at 09:00 AM 09/17/2009 in Courtroom P before the Honorable Judge KELL.

Failure of a party to announce the status of their case will result in the matter being dismissed in accordance with Rule 14 and/or 20 Uniform Superior Court Rules. All counsel are required to report for Calendar Call.

This 4th day of September, 2009
KELL
Judge, Superior Court
Cobb Judicial Circuit

EXHIBIT 2

EXHIBIT 3

IN THE SUPERIOR COURT
FOR THE COUNTY OF COBB, STATE OF GEORGIA

| | |
|---|---|
| JASON F MCGEE | CIVIL ACTION NO.  07110479-49 |
| VS | TYPE ACTION    COMPLAINT |
| MELVIN DRUKMAN | FILING DATE    11/21/2007 |

The above styled case will be called in open court at 09:00 AM 09/17/2009 in Courtroom P before the Honorable Judge KELL.

Failure of a party to announce the status of their case will result in the matter being dismissed in accordance with Rule 14 and/or 20 Uniform Superior Court Rules. All counsel are required to report for Calendar Call.

This 4th day of September, 2009
KELL
Judge, Superior Court
Cobb Judicial Circuit

EXHIBIT 3

*EXHIBIT 4*

IN THE SUPERIOR COURT
FOR THE COUNTY OF COBB, STATE OF GEORGIA

| | |
|---|---|
| DEBBIE D MCGEE | CIVIL ACTION NO. 07109310-49 |
| VS | TYPE ACTION    CONTEMPT |
| JASON F MCGEE | FILING DATE    10/18/2007 |

The above styled case will be called in open court at 09:00 AM 09/17/2009 in Courtroom P before the Honorable Judge KELL.

Failure of a party to announce the status of their case will result in the matter being dismissed in accordance with Rule 14 and/or 20 Uniform Superior Court Rules. All counsel are required to report for Calendar Call.

This 4th day of September, 2009
KELL
Judge, Superior Court
Cobb Judicial Circuit

*EXHIBIT 4*