Received in Office Jan-10-2008 15:35:49
I D # 2008-0004330-CV
Page 1

Jay C. Stephenson
*CLERK OF SUPERIOR COURT*
*COBB JUDICIAL CIRCUIT*

Elva P. Dornbusch
*CHIEF DEPUTY CLERK*
Jay C. Stephenson
Clerk of Superior Court Cobb County

EXHIBIT 5

January 10, 2008

Jason F. McGee
2152 Caneridge Drive SW
Marietta, GA 30064

In Re:  Civil Action File No.:      **07-1-9310-49**
        Notice of Appeal Filed:     **January 7, 2008**

**Jason F. McGee**, Appellant
-v- **Debbie D. McGee**, Appellee

Dear Mr. McGee;

        The document received from you entitled NOTICE OF APPEAL filed on
January 7, 2008 does not contain sufficient information to prepare the record for
an appeal. A certificate of service showing the complete address of the Appellee's
attorney served must be filed in order for your appeal to be accepted by the
Higher Court. Please submit this document so that costs can be calculated and
sent out to you.

        You also filed a Motion for New Trial on January 4, 2008. Preparation of
the appeal record cannot be started until this order is ruled on and until costs are
paid.

        If you have any questions, please contact me. Thank you for your prompt
attention in this matter.

                                        Sincerely,

                                        Katti Lanham
                                        Appeals Clerk, Cobb Superior Court
                                        770-528-1339

---

Web Site:  www.cobbgasupctclk.com

*Court Division*
P.O. Box 3370
Marietta, Georgia 30061
770-528-1300

*Real Estate Division*
P.O. Box 3430
Marietta, Georgia 30061
770-528-1360

*UCC Division*
P.O. Box 3490
Marietta, Georgia 30061
770-528-1363

EXHIBIT 5

*EXHIBIT 6*

Filed In Office Jan-07-2008 09:01:54
ID# 2008-0001738-CV
Page 1

Jay C. Stephenson
Clerk of Superior Court Cobb County

## IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| DEBBIE D. MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION FILE** |
| | ) | |
| v. | ) | **NO. 07-1-09310** |
| | ) | |
| JASON F. MCGEE | ) | |
| | ) | |
| Defendant, | ) | |

### MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL DOCKETED ON

### JANUARY 4, 2007

1. Plaintiff moves this Honorable Court to enter an Order granting a New Trial, stating in

   support:

### ISSUE

2. The issue for the court is whether the Court has the Authority to hold the Defendant in

   Willful Contempt of the Court's Order for Child Support without any Admissible Evidence?

3. Did the Court have the Authority to require the Defendant to pay $4,924.50 to Plaintiff,

   DEBBIE D. MCEE, by 5:00 PM on December 27, 2007 without any Admissible Evidence?

4. Does the Court have the Authority to require the Defendant to Pay the Plaintiff's attorney fees

   when the Attorney made statements in his own self-interest?

### ARGUMENT

4. The ORDER is contrary to law.

   5. "[C]hild support guidelines apply not only to initial determinations of child support, but

      also to modification actions, and '"… must be considered by any court setting child

      support." [Cit.]'" Wingard v. Paris, 270 Ga. 439, 440 (511 SE2d 167) (1999). The trial

*EXHIBIT 6*

EXHIBIT 6

court's failure to apply the child support guidelines prior to issuing an Order for Child Support constitutes another basis for reversal of the judgment.

6. Child support guidelines are mandatory and must be considered by any trier of fact setting amount of child support. O.C.G.A. § 19-9-1(b, c). Gordy v. Gordy, 2000, 246 Ga.App. 802, 542 S.E.2d 536; Franz v. Franz, 1997, 268 GA. 465, 490 S.E.2d 377.

7. The statutory child support guidelines are the expression of the legislative will regarding the calculation of child support and must be considered by any court setting child support. O.C.G.A. § 19-6-15(b). Urquhart v. Urquhart, 2000, 272 Ga. 548, 533 S.E.2d 80; Ehlers v. Ehlers, 1994, 264 Ga. 668, 449 S.E.2d 840.

8. The child support guidelines apply not only to initial determinations of child support, but also to modification actions, and are the expression of the legislative will regarding the calculation of child support and must be considered by any court setting child support. O.C.G.A. § 19-6-15(b), 19-6-19(a). Wingard v. Paris, 1999 270 Ga. 439, 511 S.E.2d 167.

9. No valid judgment could have been rendered on unsworn statements. O.C.G.A. § 24-9-60. Grantham v. Grantham, 1996, 224 Ga.App. 1, 479 S.E.2d 370 reconsideration denied

10. Where the statements are in the self-interest of the declarant, a court has clear reason to find them insufficiently reliable to meet the necessity of hearsay rule. O.C.G.A. §§ 24-3-1(b). Dodd v. Scott, 2001, 250 Ga.App. 32, 550 S.E.2d 444.

11. Generally burden of proof is on plaintiff and remains with him throughout trial. Central of Georgia Ry. Co. v. Barnett, 1926, 35 Ga.App. 528, 134 S.E.126.

12. The ORDER is contrary to the evidence

EXHIBIT 6

EXHIBIT 6

13. The Court issued an ORDER requiring the Defendant to pay Child Support without applying the child support guidelines. **FINAL ORDER REINSTATING CHILD SUPPORT**

14. Defendant filed a **MOTION TO VACATE AND SET ASIDE JUDGMENT** which the Court denied.

15. The Court issued an **ORDER** based on unsworn statements of the Plaintiff's Attorney.

16. The Court relied on the statements of the Plaintiff's Attorney since the attorney took an oath upon admission to bar and was deemed to speak truth and to be bound by his statements in open court. **Thomas v. Scott, 1996 221 Ga. 875, 148 S.E.2d 300**

17. The Court refused to allow the Defendant to enter sworn testimony challenging the statements of the Plaintiff's Attorney.

18. The Plaintiff's Attorney made it clear to the Defendant **"that only testimony by a party to the case is considered factual and that anything said by counsel is not considered as fact by the Court."   EXHIBIT K  PAGE 2**

19. The Court issued an **ORDER** based on unsworn statements of the Plaintiff.

20. The Court issued an **ORDER** requiring the Defendant to pay the Plaintiff's Attorney Fees after allowing the Plaintiff's Attorney make hearsay statements to justify the fees.

21. The Court Abused its Discretion in relaying on hearsay to issue an **ORDER.**

22. The ORDER is strongly against the weight of the evidence.

23. The Plaintiff did not meet the burden of proof to justify the **ORDER** issued by the Court.

24. The Defendant provided rebuttal proof that he had paid Child Support. **EXHIBIT A EXHIBIT B  EXHIBIT C**

EXHIBIT 6

EXHIBIT 6

25. The Defendant provided rebuttal proof regarding the children's health insurance.

**EXHIBIT D**

26. The Defendant provided rebuttal proof regarding the life insurance policy.

**EXHIBIT I   EXHIBIT J**

27. If the Court does not Vacate its **ORDER**, the Defendant will be denied equal protection under the laws. West's Ga. Const. Art. **I**, § **I**, ¶ **II**, see U.S.C.A. Const.

28. The Court has a duty to provide equal protection under the laws to each party in a complete and impartial manner. **West's Ga. Const. Art. I, § I, ¶ II, see U.S.C.A. Const. Amend. 14.**

WHEREFORE plaintiff Jason F. McGee moves the Court to enter an Order granting his

**MOTION FOR NEW TRIAL**.

Plaintiff objects to the Court allowing the Plaintiff to tell the court material facts that were not supported by any evidence.

Plaintiff Jason F. McGee moves the Court to Vacate its **ORDER** so that Defendant Jason F. McGee will not be denied equal protection under the laws.

Plaintiff Jason F. McGee moves the Court to ensure that the Court's Orders are issued in a complete and impartial manner.

EXHIBIT 6





# JUDGE C. LaTAIN KELL
### SUPERIOR COURT OF COBB COUNTY
### 30 WADDELL STREET
### MARIETTA, GEORGIA 30090-9642

TELEPHONE (770) 528-8130
FACSIMILE (770) 528-8128

## FILE MEMO

FROM: Chambers of Judge C. LaTain Kell

DATE: January 29, 2008

RE:     Notice Of Special Court Date Setting

TO:
     ✓   File/Haley Dubey, Civil Calendar Clerk

     _____   Chastity Smith, Deputy Clerk

     _____   Lisa Chao, Court Administration

     _____   Rene Weatherford, Court Reporters

     _____   Major Palmer, Deputies/Court Security

     _____   Plaintiff's Counsel, Melvin Drukman, Esq.

     _____   Defendant [pro se], Jason F. McGee

--------------------------------------------------------------------------------

**CASE STYLE**:  McGee v. McGee

**CASE NUMBER**:  07-1-09310-49

**TYPE OF HEARING/TRIAL**:  Compliance Hearing (Non-Jury).

**DATE/TIME OF HEARING**:  Monday, February 4, 2008, beginning 11:00 AM.

**TIME ANNOUNCEMENT**: 1 hour

**COURTROOM**:  P, 2nd Floor Superior Court-South Annex

**REMARKS**: _____

Filed In Office Jan-30-2008 15:52:29
ID# 2008-0014483-CV
Page 1
Jay C. Stephenson
Clerk of Superior Court Cobb County

EXHIBIT 7

EXHIBIT 8

IDH 2008-0014645-CV
Page 1

*Jay C. Stephenson*

Jay C. Stephenson
Clerk Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DEBBIE D.MCGEE | ] | CIVIL ACTION |
| | ] | |
| PLAINTIFF | ] | FILE NO. 071 9310-49 |
| | ] | |
| VS. | ] | |
| | ] | |
| JASON F. MCGEE | ] | |
| | ] | |
| DEFENDANT | ] | |

## RULE NISI

The foregoing motion for contempt and to force compliance having been read and considered, let the same be filed and a copy served upon the Defendant in the manner provided by law. Let the Defendant show cause before this Court, on the 4th day of February 2008, at 11:00 a.m., in Courtroom P, at the Courthouse in Cobb County, Georgia, as to why the prayers of the Plaintiff should not be granted.

This 30th day of January , 2008.

*Jay C. Stephenson*
_____
Clerk
Cobb County Superior Court
Cobb Judicial Circuit

EXHIBIT 8

**SHERIFF'S ENTRY OF SERVICE**

50654

812 PG

Marietta, Georgia    COBB COUNTY

Superior Court ☐    State Court ☐    COBB CO. SHERIFF'S OFF
CIVIL SECTION

Filed In Office Feb-06-2008 09:01:17
ID# 2008-0018557-CV
Page 1

Attorney's Address    08 JAN 30 PM 5:32

Jas. O. Stephenson
By Superior Court Cobb County

02 040

KEEP

Melvin Drukman, P.C.
1756 Century Boulevard
Suite B
Atlanta, GA 30345

Civil Action No. 0719310-49

Date Filed 1-30-08

Name and Address of Party to be Served

Mr. Jason F. McGee
2152 Caneridge Drive, S.W.
Marietta, GA 30064-4362

Debbie D. McG           Plaintiff

Blm
01/3/66
604/213 (hump on left lip)

Garnishee

Jason F. McGee
best X to 3rd f
after 5 hours    Defendant

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy
of the within action and summons

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years;
weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage
affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☑ Diligent search made and defendant _Jason McGee_
not to be found in the jurisdiction of this Court. _Numerous attempts / father was_
_advised of court date._

This _11_ day of _Feb_, 20_08_

DEPUTY

SHERIFF DOCKET _____    PAGE _____

COBB COUNTY, GEORGIA

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant

EXHIBIT 9

EXHIBIT 9

Exhibit D

EXHIBIT 1D

EXHIBIT 1D

JUDGE C. LaTAIN KELL

SUPERIOR COURT OF COBB COUNTY

30 WADDELL STREET

MARIETTA, GEORGIA 30090-9642

02-04-08

RETURN SERVICE
REQUESTED
FIRST CLASS

PRESORTED
FIRST CLASS





UNITED STATES POSTAGE

$ 00.33⁴

02 1M
0004241936    FEB 02 2008
MAILED FROM ZIP CODE 30090

ID# 2008-0020336-CV
Page 2

Mr. Jason F. McGee
2152 Caneridge Drive, S.W.
Marietta, GA 30064

LJCJA31    30064